ALLEN, Judge.
This is an appeal to review the final order of judgment entered in the Criminal Court of Record of Hillsborough County the 3rd of July, 1957.
The question involved in this appeal is stated by the Attorney General as follows:
“Whether or not the trial court erred in refusing to allow an accused to withdraw his plea of guilty and enter a plea of not guilty upon motion duly entered after sentence.”
The defendant-appellant states the question as follows:
“In a criminal prosecution in which a Defendant is not represented by legal counsel, on or before arraignment; there is doubt as to the sanity of said Defendant, at the time of said arraignment; and he in fact was adjudicated incompetent immediately after said arraignment, should he be allowed to withdraw his plea of ‘Guilty’ and enter a plea of 'Not Guilty’ upon motion duly entered immediately after sentence?”
The Attorney General and his assistants forthrightly, in both their brief and oral argument, concede that the case should be reversed in light of the Supreme Court’s ruling in the case of Eckles v. State, 132 Fla. 526, 180 So. 764, 766, and other cases.
The record discloses that an information was filed on March 16, 1956, in the Criminal Court of Record of Hillsborough County, charging the appellant, in two counts, with breaking and entering with intent to commit a felony and with assault with intent to commit first degree murder. The accused was arraigned on March 19, 1956 and entered a plea of guilty, whereupon the court adjudged him guilty as charged in the information and deferred the passing of sentence at that time.
The Judge of the Criminal Court of Record held a hearing, on March 26, 1956, to consider the report of two physicians who had previously been appointed by the *454 said Judge to determine the mental condition of the defendant. As a result of this hearing, the court transferred the defendant to the Florida State Hospital under the following order of commitment:
“On the 16th day of March, A. D., 1956, an Information was filed herein charging the Defendant, William L. Dodds, with Breaking and Entering and Assault to First Degree Murder. Inasmuch as serious doubt existed as to the Defendant’s sanity at the time of the aforesaid offense and at all times thereafter, the Court, upon its motion appointed Doctor S. Roy Higginbot-ham, Jr. and Doctor W. J. Davis, two reputable physicians of this City, to examine the Defendant and to report to the Court with reference to his mental condition. Thereafter, on the 26th day of March, A. D., 1956, a hearing was held before the Court and both of said physicians testified under oath that the Defendant was then insane and had been for some time prior thereto. Under the circumstances the Court can take no action except to determine that the Defendant is now insane and to order him committed to the Florida State Hospital, as provided by Florida Statutes, Section 917.01(2) [F.S.A.]. Unless and until the County Solicitor should request that the Information be nolle prossed, the Court cannot direct that this be done.
“It is, therefore, found ordered, adjudged and decreed by the Court that the Defendant, William L. Dodds, be and he is hereby now declared to be insane and said Defendant be and he is hereby committed to the Florida State Hospital at Chattahoochee, Florida, until such time as it should be determined that said Defendant is sane, and that said Defendant shall not be released from said hospital without the consent of this Court.”
On February 20, 1957, a subsequent order to determine the mental condition of the defendant was entered, requiring the accused to be returned to Hillsborough County to be examined by two disinterested experts to determine his mental condition. The second hearing, held pursuant to the order, took place on March 18, 1957 and testimony was elicited to the effect that the defendant was then competent.
The Court, on April 15, 1957, sentenced the defendant, on the basis of his original guilty plea, to a prison term of two years on the first count of the information, and deferred the sentence on the second count from day to day and from term to term.
A motion was filed by the defendant for leave to withdraw his plea of guilty and enter one of not guilty. This motion was denied. Subsequently, on June 5, 1957, the court entered an order restoring the defendant to competency, which order recited that there had been a previous oral order restoring the competency of the accused.
In the case of Eckles v. State, supra, the Supreme Court of this State said:
“ ‘Where there is sufficient evidence to raise a doubt as to the sanity of the accused at the time that the plea of guilty was entered, he should, as of right, be allowed to withdraw his plea of guilty, and substitute not guilty. People v. Scott, 59 Cal. 341; Deloach v. State, 77 Miss. 691, 27 So. 618.’ 16 C.J. 398, note 9 (d).
“ ‘The withdrawal of the plea of guilty should not be denied in any case where it is in the least evident that the ends of justice will be subserved by permitting not guilty to be pleaded in its place.’ 16 C.J. 398.
“The motion supported by the affidavits at least raises a doubt as to the competency of the accused to enter a plea of guilty without advice of counsel ; and as there was no undue delay in presenting the motion for leave to withdraw the plea of guilty and to go to trial on a plea of not guilty, it was error to deny the motion. See People *455 v. Scott, 59 Cal. 341; Leloach v. State, 77 Miss. 691, 27 So. 618. The judgment is reversed for appropriate proceedings.”
The record in this case does not disclose any offer on the part of the defendant to go to trial immediately on a plea of not guilty as was done in Eckles v. State, supra. We believe, however, that this fact did not preclude the lower court from permitting a withdrawal of the plea of guilty and allowing the defendant to enter a plea of not guilty.
This court is of the opinion that the lower court should have set aside the judgment and sentence and permitted the defendant to enter a not guilty plea.
The judgment in this case is reversed for appropriate proceedings not inconsistent with this opinion.
Reversed and remanded.
KANNER, C. J., and SHANNON, J., concur.