PER CURIAM.
Petitioner seeks review of an order denying his motion under Criminal Procedure Rule No. 1, F.S.A., Chapter 924, Appendix, to obtain collateral relief against his conviction and sentence for the crime of aggravated assault.
After having heard oral argument, and reviewed the motion and accompanying record, we find petitioner’s allegation that he plead guilty to the charge of aggravated assault while under the mistaken belief that his plea was directed to another unrelated offense only, is not conclusively refuted by the record. Since petitioner is presently serving sentence based on his conviction in the aggravated assault case and subsequent parole violation, it is our view that he should be afforded a hearing and an opportunity to present evidence in support of his allegation that he improvidently and in ignorance pleaded guilty to that charge. See State v. Weeks, Fla.1964, 166 So.2d 892; Dickens v. State, Fla.App.1964, 165 So.2d 811.
 A plea of guilty should be voluntary and not made in ignorance or by virtue of inadvertence. Inasmuch as no attempt to withdraw the plea was made in the case-at bar, the record would not support an appeal endeavoring to raise the question o 1 improvident plea, LaRocca v. State, Fla.App.1963, 151 So.2d 64, and the issue is, therefore properly raised in this proceedings The petitioner’s other allegations have been carefully examined and found to be without merit.
Reversed and remanded.