PEARSON, Judge.
The only question presented on this appeal is whether the trial judge abused his discretion in denying appellant’s motion to change his plea from nolo contendere to not guilty by reason of insanity. We hold upon authority of Eckles v. State, 132 Fla. 526, 180 So. 764 (1938), and Dodds v. State, Fla.App.1958, 100 So.2d 453, that the trial judge should have granted appellant’s motion and proceeded to a trial upon the merits.
The record reveals that the appellant has a history of psychopathy. He was discharged from the military service with a lifetime disability pension because of mental disorder. He was informed against for *701 crimes against nature and contributing to the delinquency of a minor. At his arraignment on September 2, 1965, he pleaded not guilty but at trial withdrew this plea and pleaded nolo contendere. The court heard the testimony of a psychiatrist that at the time of the crime the defendant was in a schizophrenic psychosis and had been suffering for some. time from schizophrenic reaction. The psychiatrist emphasized the fact that the appellant needed continuous care which would be available at the Veteran’s Hospital.
Later the appellant was adjudicated guilty and certified to the South Florida State Hospital for treatment. He was confined at the hospital from May 31, 1966 to September 20, 1966, when he was released pursuant to an order of the circuit court finding that he was no longer a menace to society.
After his certification back to the Criminal Court, the defendant moved to vacate the plea of nolo contendere and adjudication of guilt and to substitute the plea of not guilty by reason of insanity. The request was based upon psychiatrists’ opinions concerning appellant’s mental condition at the time the crime was committed and at the time appellant entered his plea of nolo con-tendere. The court denied the motion and sentenced appellant to five years imprisonment.
Subsequent to the sentencing, appellant filed a motion for rehearing on his motion to set aside the plea and substitute not guilty by reason of insanity. At a hearing on this motion, the court heard testimony from a psychiatrist employed at the South Florida State Hospital. The opinion of the psychiatrist was that the appellant did not know right from wrong at the time of the commission of the crime. Further, it was stated by the psychiatrist that three co-physicians at the State institution had co-signed a report agreeing with his opinion as to appellant’s mental condition.
Eckles v. State, 132 Fla. 526, 180 So. 764 (1938) is the leading case setting forth the test to be used for the withdrawal of a guilty plea. Parenthetically, we should note that the same rules apply to the withdrawal of the plea of nolo contendere as would apply to the withdrawal of a guilty plea. See Jackman v. State, Fla.App.1964, 160 So.2d 554.
The Eckles’ decision is particularly applicable to the instant case because it involved a motion to withdraw a plea of guilty and leave to enter a plea of not guilty by reason of insanity. The court held that the withdrawal of the plea of guilty should not be denied in any case where it is the least evident that the ends of justice will be sub-served by permitting not guilty to be pleaded in its place. It is true that in that case the motion was made before adjudication, while in the present case, it was made after adjudication but before sentencing. We think that under the peculiar circumstances of the present case that distinction is not sufficient to constitute a bar to the application of the principle announced. See Dodds v. State, Fla.App.1958, 100 So.2d 453, where the motion was made after sentencing. See also sec. 909.13 Fla.Stat. (1965), F.S.A.; Roberts v. State, Fla.App.1962, 142 So.2d 152.
Accordingly, the judgment and sentence are reversed and the cause remanded for the entry of an order allowing the appellant to enter a plea of not guilty by reason of insanity.
Reversed.