John Joseph **BLAKE**, Appellant,

v.

**STATE OF FLORIDA** et al., Appellees.

No. 25326.

United States Court of Appeals
Fifth Circuit.

May 22, 1968.

———◆———

Gaines C. Granade, Atlanta, Ga., for appellant.

Arden M. Siegendorf, Harold Mendelow, Asst. Attys. Gen., Miami, Fla., for appellees.

Before GEWIN and THORNBERRY, Circuit Judges, and ELLIOTT, District Judge.

PER CURIAM:

The appellant complains of the following order of the United States District Court for the Southern District of Florida, 272 F.Supp. 557, denying relief sought in his petition "in the nature of coram nobis".

"Petitioner is presently confined in the United States Penitentiary in Atlanta, Georgia. Petitioner does not identify the federal court that sentenced him, but he was not sentenced by the United States District Court for the Southern District of Florida.

"Prior to his federal court conviction, petitioner was sentenced by the Criminal Court of Record, Dade County, Florida, in one case for assault with intent to commit murder and in a second case for aggravated assault. He alleges that the plea of guilty in the first case was involuntary, having been entered on the threat of recommitment to a mental hospital, and that the sentence and imprisonment of three years in the second case was imposed without trial or plea to the charge.

"While he was still in state custody, petitioner sought habeas corpus relief on these same grounds in the state courts. In January of 1965 the District Court of Appeal of Florida, Third District, reversed the denial of a petition for collateral relief, and remanded the cause for a hearing. Blake v. State, 171 So.2d 207 (3d Dist. Fla. 1965). The record before this court reveals no hearing pursuant to that mandate, and petitioner alleges that there was none.

"Petitioner, through his attorneys, has now filed in this court a 'petition for a writ of error coram nobis.' He says he is entitled to relief because the records in these prior state causes impinge upon proper consideration of a parole from his present confinement, and because a more severe sentence than would otherwise have been given was imposed upon him by the federal judge because of his state convictions.

"The literal meaning ascribed to the writ of error coram nobis at common law is 'let the record remain before us' (quae coram nobis resident). Its function was to permit a court to review its own judgment because of

an alleged error of fact which did not appear on the face of the record.[1]

"Rule 60(b), Federal Rules of Civil Procedure, and Rule 1.540(b), Florida Rules of Civil Procedure, 30 F.S.A., provide that writs of coram nobis are abolished. However, in both jurisdictions the substance of the remedy remains available by way of motion. United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954); Tolar v. State, 196 So.2d 1, 4 (4th Dist. Fla. 1967); 17 U.Miami L.Rev. 276, 290 (1963).

"Post-conviction motions for relief collaterally attacking judgments and sentences under Florida's Criminal Procedure Rule No. 1, F.S.A. Ch. 924 Appendix are basically in the nature of writs of error coram nobis. Id. at 3. Thus the petitioner's remedy, assuming he is entitled to one, may lie via a motion under Rule 1, or a motion for relief in the nature of coram nobis, filed with the Criminal Court of Record of Dade County, Florida, which imposed the sentences he seeks to vacate. Or, since 'in every practical sense his grievance is over what * * * [the federal court which sentenced him to his present confinement] is doing with what * * * [the Florida court] did,' United States ex rel. LaNear v. LaVallee, 306 F.2d 417, 420 (2d Cir. 1962), his remedy may lie via a § 2255 motion filed with the federal court which imposed the sentence from which he seeks release. However, one thing is clear—this court, which did not impose either sentence, is wholly without jurisdiction in the matter. Brinkley v. State, 239 F.2d 166, 167 n. 1 (5th Cir. 1965). This is true whether the petition be deemed a motion for relief under § 2255, habeas corpus, or a motion in the nature of a writ of error coram nobis.

"Therefore, the petition is dismissed.

/s/ Joe Eaton
UNITED STATES
DISTRICT JUDGE"

 On oral argument this Court was informed by counsel that the petitioner has now served the sentence imposed upon him by the Florida court and the service of such sentence had been completed before the hearing in the district court. In essence the appellant requests this Court to advise him as to the course of procedure he should follow. In our opinion we are not authorized to render such advice and we fully agree with the conclusion of the district court that it is "wholly without jurisdiction" in this cause. Accordingly, we affirm the judgment of the district court denying the petition and dismissing the case.

Affirmed.

---

[1]. "If a judgment in the King's Bench be erroneous in matter of *fact* only, and not in point of law, it may be reversed in the *same* court, by writ of error coram nobis, or quae coram nobis resi-

dent * * *." United States v. Morgan, 346 U.S. 502, 507 n. 9, 74 S.Ct. 247, 250, 98 L.Ed. 248 (1954), citing 2 Tidd's Practice (4th Am. ed.) 1136, 1137.