CROSS, Chief Judge.
Appellant-defendant, Albert Laws, appeals a final judgment and sentence for the crime of manslaughter entered upon a *755 plea of guilty by the defendant. We reverse.
The defendant, Albert Laws, was charged with having committed second degree murder in violation of § 782.04, Florida Statutes 1953, F.S.A. He was represented by the public defender, and at arraignment entered a plea of not guilty. Trial was held before a jury. After the state rested its case, the defendant testified in his own behalf, then rested, and requested of the court permission to withdraw his former plea of not guilty and to enter a plea of guilty to manslaughter, a lesser included offense, at which time the following proceedings took place:
“THE COURT: Mr. Hitt, I understand you have a motion ?
“MR. HITT: Yes, Your Honor; at this time the defendant would like to change his plea as previously entered of not guilty to the offense charged in the information, to a plea of guilty to the lesser included offense of manslaughter. I understand that this is acceptable to the State.
“THE COURT: Mr. Lenninger?
“MR. LENNINGER: Yes, sir; this is acceptable to the State.
“THE COURT; Bring the defendant forward.
(WHEREUPON, DEFENDANT AND RESPECTIVE COUNSEL APPROACHED THE BENCH)
“THE COURT: Have you explained to him the effect of this plea, Mr. Hitt?
“MR. HITT: Yes, sir.
“THE COURT: This plea being acceptable to the State, the Court accepts the plea of guilty to manslaughter and the defendant is adjudged to be guilty of manslaughter as included within the charge of second degree murder. Information Number 68-383, and will be fingerprinted pursuant to the Statute, Mr. Simmers.
(WHEREUPON, MR. SIMMERS, THE BAILIFF, CAUSED TO BE PLACED UPON THE DOCUMENT OF THE JUDGMENT THE FINGERPRINTS OF THE DEFENDANT)
“THE COURT: Having been adjudged to be guilty of the crime as included in the charge of the information, defendant is remanded to the custody of the Division of Corrections for a period of five years with credit for time spent in the Orange County Jail since March 20th, is that what the record shows ?
"THE BAILIFF: Yes, Your Honor.
“THE COURT: All right. You may take the defendant out and then bring back the Jury, please.
(WHEREUPON, DEFENDANT WAS ESCORTED FROM THE COURT AND SUBSEQUENTLY THE JURY WAS RETURNED TO THE COURTROOM AT 5:52 P.M.)
“THE COURT: Now, Ladies and Gentlemen of the Jury, the trial has come to a rather unexpected conclusion. The defendant pled guilty to the crime of manslaughter which is included within the charge of second degree murder and which was acceptable to the State. He has been sentenced to the Florida Division of Corrections for a period of five years and this will conclude your duties in this Division and you can get on home to supper and back in Division ‘B’ at ten o’clock tomorrow morning.
(WHEREUPON, THE JURY LEFT THE COURTROOM AT 5:53 P.M.)
“THE COURT: Court will be in recess subject to call.
*756 (WHEREUPON, PROCEEDINGS IN SAID CAUSE CONCLUDED.)”
It is from this judgment and sentencing that defendant now appeals.
The defendant raises a sole issue on appeal, asserting that the lower court erred in accepting defendant’s plea of guilty without first determining for the record that the plea was made voluntarily and understandingly.
Rule 1.170(a) Cr.P.R., 33 F.S.A. effective after midnight December 31, 1967, reads as follows:
“(a) Type of Pleas; Court’s Discretion in Accepting. A defendant may plead not guilty, guilty, or, with the consent of the court, nolo contendere. The court may refuse to accept a plea of guilty or nolo contendere, and shall not accept the plea without first determining that the plea is made voluntarily with understanding of the nature of the charge.” (Emphasis added.)
The plea in the instant case was accepted by the court without questioning, cautioning or saying anything to the defendant or in any way asking the defendant if he assented to the plea. The only inquiry made by the court was to defendant’s counsel, saying, “Have you explained to him the effect of this plea, Mr. Hitt?’[1]-
 The guiding rules are that a plea of guilty is but a confession in open court, and like a confession out of court, it should be received with caution. It should never be received unless it is freely and voluntarily made. Rule 1.170(a) Cr.P.R., is stated in mandatory language, and the court is not relieved of the duty which, the rule imposes solely because the accused, as here, is represented by counsel.
 We glean from the record that there was no inquiry whatever as to whether the plea was voluntary. A defendant may understand the effect of this plea or understand the nature of the charge to which he is pleading guilty without such plea being voluntary. We do not mean to say that a trial court must in every case follow a particular ritual in order to comply with Rule 1.170(a). A brief discussion with the defendant regarding the nature of the charges may normally be the simplest and most direct means of ascertaining the state of his knowledge, or there may be other circumstances from which it is evident that the defendant has the requisite understanding. See Michener v. United States, 8 Cir.1950, 181 F.2d 911; United States v. Denniston, 2 Cir.1937, 89 F.2d 696. Whatever the means employed, a fair compliance with the rule would ensure that the defendant has the knowledge and understanding essential to a valid plea. See also United States v. Diggs, 6 Cir.1962, 304 F.2d 929, and cases cited therein; Domenica v. United States, 1 Cir.1961, 292 F.2d 483; Julian v. United States, 6 Cir.1956, 236 F.2d 155.
In the instant case, the transcript does not show any discussion with or inquiry of the defendant by the judge. Our conclusion is that what appears in the transcript is not sufficient to show that defendant’s plea of guilty was voluntary with understanding of the nature of the charge.
For the foregoing reasons, the judgment and sentence of the trial court is reversed, and the cause is remanded for new trial.
Reversed and remanded.
McCAIN, J., concurs.
WALDEN, J., dissents, with opinion.

. This case was tried prior to the issuance of the opinion in the case of Boykin v. Alabama, 1969, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, which holding we do not understand to be retroactive. Cognizance is taken of the contrary position reflected in the majority opinion of that case. Inasmuch as it is not. a binding precedence in this instance, it is believed not inappropriate to record this writer’s agreement with the opinions therein of Mr. Justice Harlan and Mr. Justice Black. In the cases dealing with this area of the law, all such cases, with the exception of the Boykin case, supra, reflect an allegation and showing of prejudice. For instance, in Wade v. Wainwright, 5 Cir. 1969, 420 F.2d 898, there was a petition for habeas corpus in the Federal Court system. It was affirmatively alleged and shown that the defendant was never informed as concerns the maximum sentence. Thus, this writer is of the opinion that this dissent accords with the Wade v. Wainwright case.