239 So.2d 140 (1970)
Earl Patrick STAPLETON, Appellant,
v.
STATE of Florida, Appellee.
No. N-89.
District Court of Appeal of Florida, First District.
July 28, 1970.
Smith, Tolton & Wolff, Valparaiso, for appellant.
Earl Faircloth, Atty. Gen., and J. Christian Meffert, Asst. Atty. Gen., for appellee.
WIGGINTON, Judge.
Defendant has appealed an order denying his motion to withdraw a plea of nolo contendere to an eight-count information charging him with the possession and sale of hallucinogenic drugs. The sole point on appeal presents the question of whether the trial court so abused its discretion by its order of denial as to require a reversal with directions that the motion be granted.
*141 At the time of his arraignment appellant, a minor 19 years of age, was represented by privately employed counsel and pleaded not guilty to each count of the information. At a later date appellant appeared before the court accompanied by his counsel and his father, at which time a motion was made for permission to withdraw his plea of not guilty and enter a plea of nolo contendere to each count of the information. At this hearing both appellant, his attorney, and his father were meticulously examined with respect to their understanding of the nature and consequences of the plea which appellant sought to enter. Appellant was fully advised of his constitutional right to a trial by jury and was questioned in detail as to his understanding of the legal effect of his proposed plea and the consequences which would flow therefrom. Both appellant, his father, and attorney gave the court every assurance that the case against appellant had been discussed by them on several occasions; that they knew and understood appellant's legal rights; that no promises or inducements had been made to appellant to cause him to enter the proposed plea of nolo contendere; and that no coercion or undue influence of any kind had been exerted on him in the premises. Based upon the affirmative answers received from appellant, his attorney, and father, the trial court adjudged appellant guilty and continued the case for sentencing until after completion of a presentence investigation.
Some two and one-half months later a hearing was held for the purpose of imposing sentence pursuant to the judgment of conviction previously rendered. At this hearing both appellant, his attorney, and father represented to the court that appellant had been experiencing psychological problems during the past approximate one year and had received several treatments prior to the date of his arrest and incarceration for the offenses of which he was adjudged guilty. The burden of this hearing was devoted to an appeal on appellant's behalf for compassion, mercy and probation in order that he might receive psychiatric treatment and be fully restored to a normal state of health. At the conclusion of the proceeding the court sentenced appellant to imprisonment for a term of four years in the state prison.
On the day following the imposition of sentence appellant filed in the cause a written motion seeking permission of the court to withdraw his plea of nolo contendere. By his motion appellant alleges that although he was not guilty of the offense with which he was charged, he nevertheless elected to plead nolo contendere upon the advice of his father and his attorney in the belief that he would be in a more advantageous position to receive probation; that at the time he withdrew his plea of not guilty and entered the plea on which he was adjudged guilty, he was not capable of making a reasoned judgment; and that, since he has a meritorious defense, he now desires to plead not guilty and submit to a jury trial on the issue of his guilt or innocence. It is from the order denying appellant's motion that this appeal is taken.
As a general principle the law favors the adjudication of cases on their merits. If a guilty plea is entered by a defendant in a criminal case without a proper understanding of its nature and consequences, or because of fear, misapprehension, persuasion, promises, or inadvertence, he should be permitted to withdraw it and substitute a plea of not guilty if the interest of justice will best be served thereby.[1] Policy of the law requires, however, that the motion to withdraw a guilty plea, or one of nolo contendere, be timely made and for good cause. The making of such a motion is controlled by our rules of criminal procedure which provide as follows:
"The court may, in its discretion, and shall upon good cause, at any time before sentence, permit a plea of guilty to be withdrawn and, if judgment of conviction has been entered thereon, set aside such *142 judgment, and allow a plea of not guilty * * *."[2]
In the case subjudice appellant, with the advice and upon the recommendation of his attorney and his father, entered his plea of nolo contendere to the charges against him on October 29, 1969. Appellant had been incarcerated in the county jail since the previous September, 1969, during which period ample opportunity was afforded and taken by appellant to confer with his counsel on the course of action he should take in his own best interest. After the plea of nolo contendere was accepted by the court, two and one-half months transpired before appellant again appeared before the court for sentencing. During this interim appellant had the benefit of conferences both with his counsel and his father, and apparently was satisfied that the plea of nolo contendere which he had entered to the charges filed against him was proper and justified. At the hearing appellant made no representation or protest to the court that he did not understand the nature and effect of the plea which he had entered, nor did he ask permission to withdraw his plea and submit his case to a jury for a determination of his guilt. It was not until after the court, in the exercise of its discretion, rejected his appeal for probation and sentenced him to four years imprisonment that appellant first manifested unhappiness or dissatisfaction with the course he had adopted. It was not until the day following the imposition of sentence that appellant moved the court for permission to withdraw his plea of nolo contendere and be granted a trial by jury on a not guilty plea. Under the circumstances appellant's motion was not timely made in conformance with the time requirements of the rule, so we must examine the record to determine whether any compelling cause was presented which would justify granting him the relief for which he prayed.
A subsequent hearing was held on appellant's motion for permission to withdraw his plea and substitute in its place a plea of not guilty with the privilege of submitting his case to a jury. At this hearing a medical expert was called who qualified as a child psychiatrist. This witness was extensively examined by appellant's counsel but the medical conclusions he expressed fall far short of establishing that appellant did not knowingly and understandingly enter the plea of nolo contendere to the charges against him and waive his right to trial by jury. Although the testimony of this witness was not disputed by other expert medical testimony, it is in itself so vague, indefinite, and uncertain as to be unworthy of much credence. As is usually the case, this expert employed the customary jargon of "psychotic" and "paranoid schizophrenic tendencies" in characterizing appellant's conduct, but his testimony has no greater probative effect than to establish that appellant's disturbed mental condition contributed to his use of hallucinogenic drugs, or vice versa. We find nothing in the medical opinions expressed by this witness which establishes that appellant's plea of nolo contendere to the charges against him was not voluntarily and understandingly made. It is our view that the trial court was wholly justified in rejecting this evidence as a basis for granting the relief sought.
Appellant argues that his plea of nolo contendere was entered as a result of the overpowering influence of his father, and not of his own free will. Such contention loses much of its force when it is seen from the transcript of the proceedings at the time of his plea that he was specifically asked by the court whether anyone had used any threats, force, pressure, or intimidation to cause him to enter the plea he was tendering, to which appellant replied, "No, sir". At that time appellant's father was likewise asked if he knew of any force, pressure, or intimidation that had been used on his son to make him plead *143 nolo contendere, to which the father replied:
"None whatsoever. I have tried to inform my son, and I have left the decision to him, after explaining to him to the best of my knowledge the implications of the decision of the plea."
Even if appellant's father had exerted influence on him to enter the plea which he did, such action would be considered entirely proper and in harmony with the spirit and intent of the law. Appellant is a minor school boy who would be expected to seek and follow the advice of his parent in a time of trouble and tribulation. This is the reason our statutes require that when any minor is charged with a criminal offense his parents must be notified of such charge prior to the trial thereof.[3] The purpose of such a provision is to permit parents of minors charged with criminal offenses to be aware of the charge against their children and to counsel with them in order that their interest will be fully protected. From an examination of the record it appears without the slightest question that appellant's father was greatly concerned about his welfare and did everything possible to assist him in extricating himself from the trouble caused by his own voluntary acts. The record negates any contention that appellant's father persuaded him to take any action contrary to that which each of them felt would be in his own best interest. The tragedy of our times is the unwillingness or inability of many fathers to exert appropriate parental influence on their teenage children. As a result of this failure, far too many children run free to riot in the streets in protest against organized society and fancied shortcomings of the so-called "establishment", or seek refuge from reality in the never-never land of psychedelic dreams and hallucinogenic trips induced by drugs and hard narcotics. The exertion of proper parental influence on the immature minds of children should be encouraged. It must not be permitted to be used as a tool to manipulate the orderly processes of law.
Appellant relies upon the decision rendered by the Third District Court of Appeal in Peterson v. State[4] as support for his position on this appeal. The facts in the Peterson case are strikingly similar in some respects to those in the case sub judice. The critical distinction between the two cases is that in Peterson appellant filed his motion for permission to withdraw his plea of nolo contendere and substitute for it a plea of not guilty prior to the imposition of sentence. In the case sub judice such motion was not made until after appellant's appeal for probation was rejected and he was sentenced to a term of imprisonment in the state prison.
In the case of Garcia v. State[5] the Third District Court of Appeal held:
"* * * By his motion for relief the defendant attempts now to repudiate and avoid the effect of his statements to the court made under oath as to the voluntariness of his guilty plea, and the statements and representations made to the court on that occasion by his attorney. * * *
"A searching inquiry as to voluntariness of a guilty plea at the time it is offered is the most reliable and efficient means of determining whether the defendant fully understands his rights and the nature of the commitment which the plea connotes, as to the charge against him and the consequences of entering a guilty plea. * * *"
There is substantial evidence in the record to support the conclusion that appellant's plea of nolo contendere was voluntarily and understandingly made, and that he sought to withdraw it only after probation *144 was denied and a sentence of imprisonment imposed. On the basis of this evidence we are precluded from holding that the trial court abused its discretion in rendering the order of denial appealed herein.
We have also considered appellant's second point on appeal which challenges the correctness of the trial court's order denying him bail pending appeal. Since this question is now moot, we pretermit any discussion of the merits.
For the foregoing reasons the order appealed is affirmed.
CARROLL, DONALD K., Acting C.J., and RAWLS, J., concur.
NOTES
[1] Pope v. State, 56 Fla. 81, 47 So. 487.
[2] Rule 1.170(f), R.Cr.P., 33 F.S.A.
[3] F.S. § 932.38, F.S.A.
[4] Peterson v. State (Fla.App. 1968) 206 So.2d 700.
[5] Garcia v. State (Fla.App. 1969) 228 So.2d 300, 304.