PER CURIAM.
Appellants seek reversal of the final judgment of conviction and sentence imposed on them consequent upon their plea of guilty to the lesser included offense of breaking and entering with intent to commit a misdemeanor. Appellants were represented at the trial by the public defender.
By their brief appellants present for consideration the single point of whether they were properly advised of their constitutional rights when they tendered their plea of guilty on which is based the judgment here assaulted. Although appellants do not specify in their brief the constitutional rights of which the trial court failed to advise them, we assume they refer to the right to be informed of the nature of the charge against them and the consequences of their plea of guilty together with their right to tender their plea voluntarily without coercion, intimidation, inducements, ignorance or incomprehension as spoken of by the Supreme Court of the United States in Boykin v. Alabama.[1]
Reference to the record on appeal affirmatively establishes that prior to accepting appellants’ plea of guilty, the trial court made an independent determination that such pleas were given intelligently and voluntarily. Although the mechanics by which such determination was made do not affirmatively appear from the record, it is our view that the trial court substantially complied with the requirements set forth by this court in its decision rendered in the case of McPherson v. State [2] and later re-' affirmed in the case of Moore v. State.[3]
The judgment appealed is affirmed.
WIGGINTON, Acting C. J., and CARROLL, DONALD K., and RAWLS, JJ., concur.

. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

. McPherson v. State (Fla.App.1970), 237 So.2d 18.

.Moore v. State (Fla.App.1970), 241 So. 2d 868.