252 So.2d 376 (1971)
Hannah Mae STOVALL, Appellant,
v.
STATE of Florida, Appellee.
No. 71-48.
District Court of Appeal of Florida, Fourth District.
September 17, 1971.
*377 Walter N. Colbath, Jr., Public Defender, and Jeffrey H. Barker, Asst. Public Defender, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Charles W. Musgrove, Asst. Atty. Gen., West Palm Beach, for appellee.
CROSS, Judge.
Appellant-defendant, Hannah Mae Stovall, appeals a judgment of adjudication of guilt and sentence for manslaughter. We affirm.
Defendant was charged by information with second degree murder, and pled not *378 guilty at arraignment. Thereafter, defendant by oral motion in open court moved to be allowed to withdraw her former plea of not guilty to the charge of murder in the second degree, and to enter a plea of nolo contendere to the lesser included charge of manslaughter. After closely examining defendant as to the voluntariness of the plea, and defendant's understanding of its nature and effect, the trial court with the consent of the prosecuting attorney accepted the plea and subsequently adjudged the defendant guilty of manslaughter and imposed a sentence to be served in the state prison.
On appeal defendant's sole point is that the trial court erred in accepting the plea of nolo contendere because no inquiry was made by the court into the "factual basis" for the plea.
In order to be valid, a plea of guilty or of nolo contendere must be entered entirely voluntarily by a defendant competent to understand the consequences, and must not be induced by fear, misapprehension, persuasion, promises, inadvertence or ignorance. E.g., Pope v. State, 1908, 56 Fla. 81, 47 So. 487; Stapleton v. State, Fla.App. 1970, 239 So.2d 140, 141. Also, in Boykin v. Alabama, 1969, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, the United States Supreme Court determined that an inquiry must be made of a defendant concerning the voluntariness of any guilty plea and defendant's understanding of its consequences, before such plea can be accepted. This inquiry must be made a part of the record.
The withdrawal of a nolo contendere plea is a matter properly addressed to the sound discretion of the trial court. Rule 1.170(f), Florida R.Cr.P. 33 F.S.A. The liberal rule followed in Florida is that a defendant should be allowed to withdraw a plea given inadvisedly when application is duly made in good faith and sustained by proofs, and a proper offer is made to go to trial on a not guilty plea. Lopez v. State, Fla.App. 1969, 227 So.2d 694. The same rules apply to the withdrawal of a plea of nolo contendere as apply to the withdrawal of a guilty plea. Peterson v. State, Fla. App. 1968, 206 So.2d 700, 701.
In the instant case, the record reflects that no motion was filed with the trial court seeking to withdraw the nolo contendere plea and to substitute therefor a plea of not guilty. In the absence of such a motion, the record will not support an appeal based upon an asserted improvident plea. Blake v. State, Fla.App. 1965, 171 So.2d 207; La Rocca v. State, Fla.App. 1963, 151 So.2d 64, 66-67.
A plea of nolo contendere is construed for all practical purposes as a plea of guilty. Russell v. State, Fla.App. 1970, 233 So.2d 148. A plea of guilty or of nolo contendere, if voluntarily and understandingly made, admits for the purposes of that particular case, all the facts charged, and waives all non-jurisdictional defects in the prior proceedings against defendant. E.g., Hield v. State, Fla.App. 1967, 201 So.2d 235; accord, Busby v. Holman, 5 Cir.1966, 356 F.2d 75.
In the case sub judice, the trial court before accepting defendant's plea of nolo contendere inquired of defendant whether she knew that she was pleading nolo contendere and understood the nature the effect of the plea (an explanation of the meaning of entering a plea of nolo contendere was made by the court); whether defendant understood the court's explanation of the different sentences which attend the offenses of second degree murder and manslaughter; whether defendant understood her right to a jury trial; and whether defendant understood the prosecution's burden of proof at a trial. Defendant's age, marital status, education, past occupation, and mental condition were ascertained by the court. The court inquired of defendant if she was aware that she could receive the maximum sentence for the offense of manslaughter, and explained again what that sentence was. The trial court inquired further as to whether defendant's *379 counsel had explained the defenses which might be available to her at trial, and whether defendant was satisfied with the attorney's efforts in the case. The trial court also inquired whether any promises of leniency had been made to defendant or whether any coercion or pressure had been brought upon her to enter a plea of nolo contendere.
It is readily seen that the inquiry by the trial court of defendant concerning her plea of nolo contendere was thorough and searching, and certainly adequate to determine whether the plea was voluntarily, knowingly and intelligently entered.
Accordingly, no error having been demonstrated, the judgment and sentence are affirmed.
Affirmed.
REED, C.J., and MAGER, J., concur.