PIERCE, Chief Judge.
In this case, appellant Ralph Kirlis was informed against in the Sarasota County Court of Record in two counts for the unlawful possession of narcotic drugs and unlawful possession of narcotic paraphernalia. The record indicates that on October 19, 1971, he pleaded nolo contendere as to both counts, that formal adjudication of guilt was at that time withheld by the Court, and that on November 22, 1971, the case was again called up before the Court and Kirlis was adjudged guilty of both counts and sentenced to serve five years on each count, to run consecutively. On November 24, 1971, Kirlis, in his own proper person, filed in the trial Court his notice of appeal from said judgment and sentence of November 22, 1971. On November 26, 1971 counsel for Kirlis served copy of motion to vacate the sentence on the local State Attorney, upon the sole ground “that the sentence entered in the above-styled cause is in excess of the maximum authorized by law”, although said motion to va-cáte was not filed in the cause until November 30, 1971. The motion was denied by Court order on December 10, 1971.
Apparently there has been filed in the cause no effective appeal from the motion to vacate the sentence, which was filed pursuant to CrPR 3.850, 33 F.S.A. But there has been included in the record filed a transcript of proceedings and testimony taken in the lower Court on November 22, 1971 at the time Kirlis was adjudged guilty and sentenced by the Court. It appears from such transcript of proceedings that in open Court immediately after sentence was pronounced, Kirlis had been misled by his counsel in “pleading guilty” according to *714 the following record of proceedings which we quote:
“The Court now advises that you have a right to appeal this decision within thirty days from today’s date. You have a right to assistance of counsel in the filing and preparation of such an appeal. Upon a showing and request that you are entitled to counsel at the expense of the State for the prosecution of such an appeal, the Court will appoint one for you.
Mr. Bailiff, take and fingerprint the defendant in open Court.
BY THE DEFENDANT: Your Hon- or, under the advisement of my counsel, he told me if I pleaded guilty that I would get three years and that is the reason I pled guilty.
BY THE COURT: You’ll have to take that up at the time of the appeal.
BY THE DEFENDANT: Mr. McDaniel, isn’t that right ?
BY MR. McDANIEL: I don’t recall that as being what I said.
BY THE DEFENDANT: Right back there, you said that I better plead guilty
BY MR. McDANIEL: We will talk about it later.
BY THE DEFENDANT: The man just gave me ten years.
BY MR. McDANIEL: You have about five more counts coming.
BY THE COURT: Mr. Kirlis, you can discuss this with your attorney later. Report to the bailiff to be fingerprinted.
Let the record show that at this time I am signing the judgment and the certification that the defendant was fingerprinted in my presence in open court. Mr. Bailiff, take the defendant into possession.”
Assuming that defendant Kirlis, when he referred to pleading guilty was actually referring to his plea of nolo contendere, it is readily apparent that such plea, which actually was tantamount in the overall picture to a plea of guilty, was not entered under such free and voluntary circumstances and conditions as is essential to the validity of such plea under the settled law now pertaining thereto. CrPR 3.170(a) provides:
“(a) Type of Pleas; Court’s Discretion in Accepting. A defendant may plead not guilty, guilty, or with the consent of the court, nolo contendere. The court may refuse to accept a plea of guilty or nolo contendere, and shall not accept the plea without first determining that the plea is made voluntarily with understanding of the nature of the charge." (Emphasis supplied).
Kirlis was adjudicated guilty and sentenced by the Court on November 22, 1971, and the Court Reporter’s transcript of proceedings at such time is contained in the record filed here, a portion of which has been hereinbefore quoted. It appears from a comment of the trial Judge made at such hearing that Kirlis had pleaded nolo con-tendere on October 19, 1971. The proceedings on October 19th are not in the record and the State argues that because thereof Kirlis cannot now raise the question of voluntariness of the plea. Assuming that the Public Defender’s directions to the Clerk for making up the record on appeal did not include the Court Reporter’s transcript of proceedings at the time the plea was entered (as to which there is some doubt), the State’s contention ignores subsection (f) of CrPR 3.170, which says:
“(f) Withdrawal of Plea of Guilty. The court may, in its discretion, and shall upon good cause, at any time before sentence, permit a plea of guilty to be withdrawn and, if judgment of conviction has been entered thereon, set aside such judgment, and allow a plea of not guilty, or, with the consent of the prosecuting attorney, allow a plea of guilty of a lesser included offense, or of a lesser degree of the offense charged, to be substituted for the plea of guilty.” (Emphasis supplied).
A fair recognition of sub-sections (a) and (f) of CrPR 3.170 would seem to re *715 quire that when the foregoing colloquy between the Judge, the defendant, and the Public Defender occurred in open Court, immediately following the pronouncement of sentence, what the trial Judge could and should have done would have been to immediately set aside the adjudication of guilt and sentence which he had just pronounced, and ex mero motu if necessary, set a hearing to determine the voluntariness of the plea. What the Judge did was to flaunt the spirit and intendment, if not the actual letter, of sub-sections (a) and (f) aforesaid. The cases to support this procedure in the light of such circumstances are too numerous to mention. See Costello v. State, Fla.1972, 260 So.2d 198.
The judgment appealed is reversed, with directions to set aside the plea of nolo con-tendere as entered and to permit entry of new plea on the information, and for further proceedings in accordance therewith.
So ordered.
LILES and MANN, JJ., concur.