272 So.2d 847 (1973)
Peter M. ENOS, Appellant,
v.
STATE of Florida, Appellee.
No. 72-176.
District Court of Appeal of Florida, Fourth District.
February 8, 1973.
*848 Charles W. Musgrove, Public Defender, and Carl V.M. Coffin, Asst. Public Defender, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Nelson E. Bailey, Asst. Atty. Gen., West Palm Beach, for appellee.
WALDEN, Judge.
Based upon a guilty plea, defendant was sentenced to five years at hard labor for breaking and entering a building with intent to commit a misdemeanor. At the time of the offense defendant was on parole from Massachusetts for grand larceny. The defendant states his appeal points as follows:
Can a guilty plea be permitted to stand where the accused is told by the trial court that his sentence will be for two years incarceration but is thereafter sentenced to five years incarceration?
while the state reworded it to read:
Whether the trial court led appellant to believe he would receive a two-year sentence if he plead guilty, thereby improperly influencing appellant's plea of guilty, resulting in a sentence to five years imprisonment?
We have not been furnished with a copy of the proceedings at the time the defendant plead not guilty. We do have a transcript as to what happened on the occasion when the defendant changed his plea from that of not guilty to guilty. An analysis of it is imperative to our decision.
"THE COURT: Step up, Mr. Enos. Do you want to enter a plea in the same case? ...
"MR. MERRITT: That's right, Your Honor.
* * * (There was an informal discussion concerning the defendant's narcotic addiction and the time he had spent in jail)
* * * * * *
"THE COURT: ... They have a hold on you in Massachusetts; you have to serve a remainder of a two-year term?
"THE DEFENDANT: Massachusetts, yes, sir.
"THE COURT: For what?
"THE DEFENDANT: Grand larceny.
"MR. MERRITT: Judge, the difficulty is that the Massachusetts parole people didn't have the funds, really didn't have the funds to come down and get him.

*849 "THE COURT: How do I know he's going to serve time in Massachusetts?
"MR. MERRITT: You will know that when the Massachusetts people come in and take him away. We have done it before.
"THE COURT: Are you taking him away for a probation hearing?
"MR. MERRITT: No, as I understand, a parole violation.
"THE COURT: What do you want to say?
"THE DEFENDANT: I talked to my family last night, and I was told that the parole board was meeting this morning between nine and ten o'clock, and my mother was supposed to call this morning about 8:30 in order to tell them she had the money for  you know  for transportation, and they would have the money today.
* * * * * *
"THE COURT: ... You understand that in the event that you enter this plea, and if they don't come down from Massachusetts to get you for those two years, I will get you for those two years, I will get you for at least two years; do you understand that? You are not walking out on probation; do you understand that?
"THE DEFENDANT: Yes, sir.
"THE COURT: All right. You understand that. Do you read and write?
"THE DEFENDANT: Yes, sir.
"THE COURT: Do you understand what your lawyer is doing for you today?
"THE DEFENDANT: Yes, sir.
"THE COURT: Pleading to a felony will get you up to five years in the State Prison. If you are adjudicated guilty of a felony, you lose your civil rights; you cannot vote; hold public office; run for state or county and various jobs; do you understand that?
"THE DEFENDANT: Yes, sir.
* * * * * *
"THE COURT: All right. Knowing that yon are going to serve two years either in Massachusetts or down here, you still want to enter this plea?

"THE DEFENDANT: Yes, sir.
"THE COURT: Freely and voluntarily, nobody threatened you? Are you okay today? You look a little shaky.
"THE DEFENDANT: Nervous.
* * * * * *
"THE COURT: I will allow the defendant to withdraw his plea of not guilty, and adjudicate the defendant guilty of the felony.
"MR. MERRITT: We ask the Court to defer sentencing.
"THE COURT: I will defer sentencing pending a presentencing investigation returnable on the 28th of January at 9:00 o'clock in the morning.
"Until then, the defendant will remain in custody or in the event that he's taken by the Massachusetts authorities, will be released from custody when the Massachusetts people get him." (Emphasis supplied.)
Regardless of the colloquy, the defendant was sentenced to five years rather than two, and therein lies his complaint. We have read and re-read the exchange and believe it patent that he plead on the premise that Massachusetts was coming for him; that his mother was furnishing transportation money for that account; that he would serve two years in Massachusetts; that the trial judge was deferring to the Massachusetts authorities; and that if the Massachusetts authorities did not come for him, he would receive a sentence of only two years.
While defendant indicated at the outset that he wished to change his plea, we think any reasonable interpretation would indicate that it was made on the premise, as *850 was so carefully outlined later, that his sentence would not exceed two years. Furthermore, he did not plead at the outset, as his plea was not consummated until it was accepted by the court. In other words, it became a plea only upon acceptance by the Court with the defendant free prior thereto to change it. Thus, the plea became a fact only after the conditions and inferred promises were earlier announced.
We believe the principle stated in Barker v. State, Fla.App. 1972, 259 So.2d 200, to be applicable:
"[I]f a trial judge ... enters into a plea discussion which contemplates sentence or charge concessions and which culminates in a guilty plea as a result thereof, but he later decides that final disposition should not include such concessions as may be contemplated in the bargain or discussion, it is his affirmative duty to so advise the defendant before sentencing and to call upon the defendant to either affirm or withdraw his plea entered as a result of the contemplated concessions. We so hold under the assumption, of course, that there was no trickery or fraud perpetuated by the defendant to induce such sentence or charge concessions and that no new matters turn up at sentencing which were not contemplated in the plea discussions."
See also Sanders v. State, Fla.App. 1972, 268 So.2d 553; Morgan v. State, Fla.App. 1962, 142 So.2d 308; Ketchum v. State, Fla.App. 1967, 197 So.2d 321.
Is it necessary for a defendant to make a motion to withdraw his improvident plea in the trial court as a condition precedent to a challenge on regular appeal on the basis of same being involuntary? The answer is "no". Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); Laws v. State, Fla.App. 1970, 235 So.2d 754. In the following regular appeals there is no indication that the motion to withdraw was made: O'Brien v. State, 270 So.2d 443, Fourth District Court of Appeal, Opinion filed December 19, 1972; Carroll v. State, Fla.App. 1972, 259 So.2d 539; Kelly v. State, Fla.App. 1971, 254 So.2d 22; Anderson v. State, Fla.App. 1971, 245 So.2d 90. There are several cases which seem to indicate a contra view and which may deserve some analysis. There is dicta in Stovall v. State, Fla.App. 1971, 252 So.2d 376, which seems to indicate that a motion to withdraw must be filed before the matter can be considered on regular appeal. However, the court went on, regardless, to determine and adjudicate the merits as follows:
"It is readily seen that the inquiry by the trial court of defendant concerning her plea of nolo contendere was thorough and searching, and certainly adequate to determine whether the plea was voluntarily, knowingly and intelligently entered."
Blake v. State, Fla.App. 1965, 171 So.2d 207, and LaRocca v. State, Fla.App. 1963, 151 So.2d 64, require the motion but they were decided prior to Boykin v. Alabama, supra, which is the major and fundamental authority on the requirements to establish a guilty plea. There was no motion to withdraw there and Mr. Justice Harlan, in his dissent, seems to think there should have been. McPherson v. State, Fla.App. 1970, 237 So.2d 18, as does Hodge v. State, Fla.App. 1970, 241 So.2d 865, appears to take the same position as Mr. Justice Harlan in his dissent in Boykin v. Alabama, supra, and disregards the fact that the Boykin case does not require that an appellant first attempt to withdraw his plea in the trial court. Thus, we deliberately choose to follow Boykin and respectfully decline to follow McPherson and Hodge.
We reverse and remand with directions that the defendant be allowed to withdraw his plea and plead anew. We suggest that on remand, in accepting defendant's plea, the trial court follow the dictates of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, *851 23 L.Ed.2d 274 (1969), and ascertain the voluntariness of defendant's plea in such manner that it is reflected by the record.
Reversed and remanded.
REED, C.J., concurs.
MAGER, J., dissents, with opinion.
MAGER, Judge (dissenting):
I must respectfully dissent because in my view the record does not support the inference that defendant's change of plea from not guilty to nolo contendere "was made on the premise ... that his sentence would not exceed two years".
The first time the matter of a promise of a two-year sentence was brought to the attention of the court is in this appeal. The fact that defendant did not file a motion to withdraw his plea of nolo contendere as contemplated by Rule 3.170 not only demonstrates the fallacy of defendant's contention but additionally suggests that this assertion was merely an afterthought, having as its genesis conflicting statements appearing in the change of plea proceedings. With particular respect to defendant's failure to file a motion to withdraw, the absence of such a motion raises a serious question as to whether the record is sufficient to support an appeal based on an asserted improvident plea. Stovall v. State, Fla.App. 1971, 252 So.2d 376.
Apart from the legal effect of defendant's failure to file a motion to withdraw, the proceedings below in no way suggest that defendant's plea of nolo contendere or change of plea from not guilty to nolo contendere was induced by fear, misapprehension, persuasion, promises, inadvertence or ignorance. Stovall v. State, supra. The record before this court clearly reflects that the defendant having been represented by the public defender entered a plea of not guilty on November 16, 1971. The record further reflects that on December 9, 1971, while still represented by the public defender, defendant appeared before the court for the purpose of changing his plea from not guilty to nolo contendere. There is nothing in the record to indicate, suggest or infer that between November 16, 1971 and December 9, 1971, any "plea bargaining" proceeding had occurred or that any prior plea discussion was undertaken by and between defendant, his counsel, the prosecutor and the judge with respect to the imposition of a lenient sentence or any concession of leniency; as a matter of fact, there were no prior sessions between any of the parties as reflected by the record. Instead, what we have here is a situation where a defendant has decided to change his plea from not guilty to nolo contendere preferring incarceration in Florida rather than being returned to Massachusetts to complete the remainder of a two-year term for parole violation.
It is more readily inferable from the record before this court that the defendant's claim of an improvident plea is an effort to belatedly create a state of mind not evident at the time of the change of plea; defendant seeks to assert an inducement retrospectively. It is true that a literal reading of the transcript of the colloquy between the trial judge and the defendant at the time of his change of plea reflects statements which are somewhat conflicting; while we may ponder or attempt to surmise what was in the mind of the trial court when he indicated that he was going to get the defendant "for at least two years" the judge clearly and unmistakably advised the defendant that he could get up to five years in prison by pleading to a felony:
"THE COURT: Do you understand what your lawyer is doing for you today?
"THE DEFENDANT: Yes, sir.
"THE COURT: Pleading to a felony will get you up to five years in the State Prison. If you are adjudicated guilty of a felony, you lose your civil rights; you cannot vote; hold public *852 office; run for state or county and various jobs; do you understand that?

"THE DEFENDANT: Yes, sir." (Emphasis added.)
The criteria for determining the voluntariness of a plea is not whether there are conflicting statements in a colloquy between the trial judge and the defendant which, when viewed retrospectively, might suggest a misunderstanding; but rather whether at the time the defendant entered his plea or sought to change his plea such action was induced by fear, misapprehension, persuasion, promises, inadvertence or ignorance. Such a determination depends upon the particular fact circumstances of a given case. In this instance the defendant indicated to the trial court, on December 9, that he was changing his plea from not guilty to nolo contendere. It was only after that decision was made that the so-called "inducement" or misunderstanding arose.
The cases cited by the majority in support of their position are primarily concerned with the withdrawal of guilty plea or plea bargaining situations, neither of which circumstances as reflected by the record are present in the case sub judice. For example, had this court been presented with the question of whether the trial court properly exercised its discretion in not allowing a withdrawal of a nolo contendere plea in light of an asserted misapprehension, the authorities cited by the majority might be pertinent. As the Supreme Court pointed out in Costello v. State, Fla. 1972, 260 So.2d 198, 201:
"... Defendants who plead guilty and are given a stiffer sentence than they anticipated cannot automatically expect to receive another try at a lighter sentence. It is not enough for a defendant to argue that he was under an impression that a promise of a lesser penalty had been made by the judge or prosecutor. A reasonable basis for such an impression must be shown. One was shown here by court-appointed counsel's affidavit." (Emphasis added.)
The affidavit referred to in Costello was filed by defendant's attorney asserting that the defendant's guilty plea was made only because one of the defendant's attorneys told him the judge would not impose the death sentence if he entered such a plea. See also, Kirlis v. State, Fla.App. 1972, 262 So.2d 713; Crossin v. State, Fla.App. 1972, 262 So.2d 250; Brown v. State, Fla. 1971, 245 So.2d 41.
In my view, the majority opinion travels on a premise or inference which the record does not bear out. The fact that the sentence turns out to be different than what defendant may have anticipated should not serve as a predicate upon which to support a belated assertion of "inducement" or misunderstanding particularly where such assertion requires a retrospective interpretation of statements in a plea proceeding. The record does not support the contention that defendant was misled when he tendered his plea; and, accordingly, I would affirm the judgment of conviction and sentence.