PER CURIAM.
Charles John Williamson, Jr., Appellant, appeals a final judgment and sentence for the crime of breaking and entering with intent to commit a misdemeanor entered upon his plea of guilty. Appellant was ad-to imprisonment for a term of five years, judicated guilty as charged and sentenced Appellant was represented by the public *785 defender’s office at the arraignment and sentence.
Williamson presents only one point on appeal, i. e., that the trial court committed reversible error in accepting the said plea of guilty without prior determination that the plea was entered voluntarily and understandingly.
Rule 3.170(a), RCrP, 33 F.S.A., reads as follows:
“. . . A defendant may plead not guilty, guilty, or, with the consent of the court, nolo contendere. The court may refuse to accept a plea of guilty or nolo contendere, and shall not accept the plea without first determining that the plea is made voluntarily with understanding of the nature of the charge.”
At the time of the entry of the plea of guilty the assistant public defender, who represented appellant, asked appellant, “. . . Do you wish to enter a plea at this time, Mr. Williamson?” to which the appellant replied “Yes, sir.” The assistant public defender then asked “What is that plea?” The appellant replied “Guilty.” Thereupon, the trial court accepted the plea of guilty and ordered a presentence investigation.
At the time of sentencing the only colloquy between the court and appellant was as follows:
“At this time do you or anyone in your behalf have anything to say or show cause why judgement (sic) and sentence should not be entered ?”
To which the assistant public defender replied :
“We will rely on the presentence investigation.”
We are, therefore, unable to ascertain from the record before us that the plea of guilty was entered by Williamson voluntarily and understandingly as prescribed in Rule 3.170(a), RCrP. Neither do we assume in light of the record that the said plea was entered properly because of the mere fact that Williamson was represented at the proceedings set forth above by the public defender’s office.
Accordingly, for the foregoing reasons and on the authority of Laws v. State, Fla.App.1970, 235 So.2d 754; Stovall v. State, Fla.App.1971, 252 So.2d 376; and, Williams v. State, Fla.App.1972, 259 So.2d 753, the judgment and sentence of the trial court is reversed and the cause remanded to the trial court with instructions to conduct an evidentiary hearing to determine whether appellant’s plea of guilty was voluntarily and understandingly entered.
LILES, A. C. J., and BOARDMAN, J., concur.
McNULTY, J., concurs in conclusion only.