PER CURIAM.
Appellant, a minor, was charged with breaking and entering with intent to commit a misdemeanor, to wit: petit larceny. He pled guilty and was later sentenced to three years imprisonment.
 Since appellant does not suggest that he was prejudiced by the trial court’s failure to establish a factual basis for the charge, that error is insufficient to require either vacating the plea or remanding for further proceedings. Williams v. State, Fla.1975, 316 So.2d 267; State v. Lyles, Fla.1975, 316 So.2d 277. However, we find the plea colloquy wholly insufficient to establish either the voluntariness of the plea or the appellant’s understanding of its consequences. Boykin v. Alabama, 1969, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274; RCrP 3.170(j). We think that under Williams v. State, supra, the appropriate remedy is to remand for a determination of whether the plea was voluntarily and intelligently made. See also Williamson v. State, Fla.App.2d 1973, 273 So.2d 784.
Reversed and remanded for further proceedings.
McNULTY, C. J., and HOBSON and BOARDMAN, JJ., concur.