SCHEB, Judge.
In this appeal appellant/defendant contends the trial judge erred in failing to inquire into the voluntariness of his plea as required by Rule 3.170(j) RCrP.
The appellant’s point on appeal is well taken in that we find this record is completely devoid of any colloquy whatsoever on the question of voluntariness of the appellant’s plea. A guilty plea, to be *877 accepted, requires an affirmative showing that it was entered intelligently and voluntarily. This is fundamental to the validity of any such plea since after it has been accepted, nothing remains but to enter judgment and sentence. See, Boykin v. Alabama, 1969, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274; Williams v. State, Fla. 1975, 316 So.2d 267. And, although we have held on various occasions that the Boykin requirement does not require the trial judge to follow any particular litany in making a determination of voluntariness and understanding; nevertheless, it is essential that the record affirmatively disclose a colloquy sufficient to meet the requirement of RCrP 3.170 (j). Williamson v. State, Fla.App.2d 1973, 273 So.2d 784; Smith v. State, Fla.App.2d 1976, 326 So.2d 236.
Accordingly, we remand the case to the trial judge with instruction to determine whether the appellant’s plea was voluntarily and understandingly tendered.
HOBSON, Acting C. J., and GRIMES, J., concur.