76 F.3d 392
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Robert Calvin CRAIG, Jr., Petitioner-Appellant,
v.
Tom C. MARTIN, Respondent-Appellee.
 No. 95-6324.
 United States Court of Appeals, Tenth Circuit.
 Feb. 5, 1996.
 
 ORDER AND JUDGMENT[1]
 Before PORFILIO, McKAY and KELLY, Circuit Judges.[2]
 KELLY, Circuit Judge.
 Mr. Craig, an inmate appearing pro se, appeals from the dismissal of his petition for writ of coram nobis pursuant to 28 U.S.C. 1651. Mr. Craig is challenging a state court conviction, after dismissal of an earlier habeas corpus petition pursuant to 28 U.S.C. 2254. It is well settled that a federal court has no jurisdiction via a writ of error coram nobis to attack a state criminal judgment. See Sinclair v. Louisiana, 679 F.2d 513, 514 (5th Cir.1982); Blake v. Florida, 395 F.2d 758, 758-59 (5th Cir.1968). Construing the pleadings liberally as a 2254 petition, the petition is successive given the prior proceedings. See Rule 9(b), Rules Governing 2254 Proceedings.
 The district court dismissed an earlier 2254 petition in favor of an exercise of concurrent jurisdiction by the Western District of North Carolina. Mr. Craig appealed, but later withdrew his appeal. We review the district court's decision not to entertain the claim at this time for an abuse of discretion. Hawkins v. Evans, 64 F.3d 543, 546 (10th Cir.1995). Rather than filing in the Western District of North Carolina, Mr. Craig has filed this action. Mr. Craig has not demonstrated that the "ends of justice" would be served by a redetermination of his petition by the Western District of Oklahoma. See Parks v. Reynolds, 958 F.2d 989, 994 (10th Cir.), cert. denied, 503 U.S. 928 (1992). See also McCleskey v. Zant, 499 U.S. 467, 494-95 (1991) (ends of justice exception requires showing that constitutional error probably resulted in conviction of one factually innocent).
 
 
 1
 AFFIRMED. We GRANT Mr. Craig a Certificate of Probable Cause and we GRANT his Motion for Leave to Proceed In Forma Pauperis. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause therefore is ordered submitted without oral argument