704 So.2d 552 (1997)
William BUELL, Appellant,
v.
STATE of Florida, Appellee.
Nos. 96-2289, 96-3132.
District Court of Appeal of Florida, Fourth District.
June 11, 1997.
Rehearing and Rehearing Denied December 3, 1997.
Richard L. Jorandby, Public Defender, and Steven H. Malone, Assistant Public Defender, West Palm Beach, for appellant.
*553 Robert A. Butterworth, Attorney General, Tallahassee, and Carol Cobourn Asbury, Assistant Attorney General, West Palm Beach, for appellee.
Rehearing and Rehearing En Banc Denied December 3, 1997.
PER CURIAM.
Appellant entered a plea which contemplated that he would be sentenced two weeks later. Two times during the plea conference the trial judge told appellant that if he were arrested for committing another crime between the plea conference and the sentencing, then his plea would be an open one; instead of a six-month sentence concurrent to other charges, the court could sentence appellant in its discretion to any sentence within the sentencing guidelines. Neither appellant nor his lawyer objected to this condition; nor did either ask any questions about the condition.
Before the sentencing hearing, appellant was arrested for committing another crime. The trial judge denied appellant's motion to withdraw his plea, noting that the condition of the open plea had been adequately explained at the plea conference.
We reject appellant's assertion that this case is controlled by Green v. State, 680 So.2d 1072 (Fla. 4th DCA 1996). The defendant in Green failed to appear for his sentencing hearing despite a condition of the plea agreement that if he so failed to appear or committed a new offense, then his five-year sentence would be increased to three consecutive 30 year terms. At a later sentencing hearing, the higher sentence was imposed. This court reversed the sentence and remanded for a new sentencing hearing where findings could be made concerning the circumstances of the defendant's arrest while on furlough and whether he violated the condition of his furlough by willfully failing to appear for sentencing. Id. at 1073. Green stands for the proposition that an enhanced sentence for a violation of a condition of a plea agreement must be based on a willful transgression or on evidence that the agreement was breached by out of court conduct, such as the commission of another crime.
Unlike Green, this case does not involve any disagreement about the fact of appellant's commission of another crime before his sentencing. Appellant conceded that he had been arrested and recognized that the new arrest created an open plea.
We also find no error in the trial court's refusal to allow appellant to withdraw his plea, since the potential of sentencing enhancement for the failure to appear was part of the negotiated plea. See Payne v. State, 624 So.2d 815, 816 (Fla. 4th DCA 1993). Although Florida Rule of Criminal Procedure 3.172 requires a trial judge to "verbally engage a defendant who seeks to enter a plea," Lu v. State, 683 So.2d 1110, 1111 (Fla. 4th DCA 1996), nothing in the rule mandates that the trial judge obtain an express, on the record, verbal acknowledgement as to the matters contained in every subsection of the rule, as the dissent contends. Under Rule 3.172(c), the trial judge "shall determine" that the defendant "understands" the various aspects of the plea bargain, including the complete terms of any plea agreement under subsection (7). The trial judge made the necessary determination in this case, based on his face to face contact with appellant and his counsel. Many things happen in a courtroom which do not filter through the court reporter's ears to the printed page of a transcript. This is why great weight is placed on a trial judge's findings made pursuant to Rule 3.172.
Rule 3.172(i) states that the "[f]ailure to follow any of the procedures of this rule shall not render a plea void absent a showing of prejudice." At the time appellant moved to withdraw his plea, he made no evidentiary showing that the conduct of the plea conference had prejudiced him. Absent such a showing, the trial court did not err in denying appellant's motion to withdraw his plea. Wuornos v. State, 676 So.2d 966, 969 (Fla. 1995), cert. denied, ___ U.S. ___, 117 S.Ct. 395, 136 L.Ed.2d 310 (1996).
AFFIRMED.
GLICKSTEIN and GROSS, JJ., concur.
FARMER, J., dissents with opinion.
*554 FARMER, Judge, dissenting.
The issue in this case is whether silence by a defendant in a criminal case properly manifested assent to an essential term of a plea.
Defendant was charged with possession of cocaine and paraphernalia, resisting arrest without violence and trespass of conveyance or structure. At a change of plea hearing, defendant and his counsel told the court that he was willing to plead if he was sentenced concurrent to the sentence for violating probation in another case. Both attorneys and the trial judge agreed to 6 months in jail without probation to run concurrent with the other charge.
After a break in proceedings to allow defense counsel to discuss the proposed plea with the defendant, the hearing resumed. Defense counsel asked the court whether defendant would be permitted to plead that day but re-appear and begin his sentence some two weeks hence. After some discussion, the trial judge made clear that he would accept the plea now but instead impose sentence two weeks later. He then added, however, that he wanted an understanding with the defendant that any new arrest during the two week period awaiting sentence would make the plea open, i.e., without any agreed sentence, and that the judge could thereupon impose any sentence within the guidelines. Without any response by the defendant to the new condition, the court then entered into the plea colloquy with the defendant required by rule 3.172(c). Defendant answered all questions indicating voluntariness of the plea to a 6-month sentence. In fact, at one point defendant asked whether the sentence was 5 or 6 months, to which the trial judge responded "6."
The judge then stated that he found the plea voluntary and accepted it. At that point, the judge asked:
"You understand that this is an open plea. If you fail to show up or if you get re-arrested, I can sentence you any where within the applicable guidelines, which is up to 1 year in the county jail. Is that correct?"
The prosecutor responded that it was correct, but neither defendant nor his counsel said anything. At that point, the proceeding was ended. Of course, during the 2-week intervening period, he was re-arrested and thus sentenced within the guidelines to 1 year in the county jail and now appeals.
Let me acknowledge my utter lack of sympathy for the defendant's position on appeal. It was he who sought the 2-week postponement of sentence to enable him to tend to some personal affairs. Apparently his personal affairs included the acquisition of still more cocaine. Thus he has himself entirely to blame if he is required to serve the 1-year sentence.
My problem is with the law, not the facts. Rules 3.171 and 3.172 go to great lengths to insure that pleas are clearly evidenced by manifestations of both assent and voluntariness. These rules require an express personal acknowledgement of assent by the defendant at a number of stages. They do not permit the judge to infer assent by the failure of the defendant to respond. Rather they impose a duty on the trial judge to swear the defendant and obtain positive answers by the defendant himself as to both his assent to the terms of the plea and the voluntary nature of it. The duty on the judge is clear, and the failure of the defendant to give the personal acknowledgements and admissions required simply means that no plea can be accepted, and the case must proceed to trial without a proper plea.
Here the trial judge failed to insist on a verbal acknowledgement of assent by the defendant himself as to the condition newly added by the judge. That is simply not a very complicated or onerous burden imposed on the judge. Compliance with that duty insures that an appellate court can properly review the formalities of the plea. The failure to comply calls into question the very basis for allowing the plea in the first place, i.e., assent and voluntariness.
When we affirm today, we place our approval on a plea without a public manifestation of assent to an essential term. We also find an enforceable agreement when the offeror (here, the trial judge offered the new condition) required a reciprocal promise by the offeree (defendant was required to agree to the possibility of a sentence exceeding *555 what he offered initially to agree to) but the offeree failed in any way to communicate his acceptance of the new condition.
In Kendel v. Pontious, 261 So.2d 167 (Fla. 1972), admittedly a civil case, the court cited with approval a clear explanation from two legal encyclopedias of the principle that silence does not communicate assent:
"The following appears in 17 C.J.S., Contracts, s 45, p. 690:
`Where the offeror, instead of offering to do something if the other party will perform, thus leaving the latter free to perform or not as he pleases, requires a reciprocal promise from the offeree, the latter must communicate his acceptance of the offer and thereby bind himself by an engagement from which he cannot recede or there will be no agreement; even a compliance with the terms of the offer will not suffice. Communication of acceptance in such a case is not only necessary to bind the offeror, but also to bind the offeree, and the offeror cannot, by a stipulation to that effect in the offer, make silence on the offeree's part an acceptance.'

17 Am.Jur.2d, Contracts, s 43, pp. 380381, reads as follows:

`Where an express acceptance is required by an offer, the fact of the acceptance must be communicated to the offeror by the offeree or his agent; a mere private uncommunicated assent will not effect a contract. For instance, a mere proposal to sell does not become a sale until accepted and notice of acceptance given the proposer.'" [Emphasis supplied.]
261 So.2d at 170. It would be a strange appellate result that something so well established in civil contracts should be so easily forgiven in criminal plea contracts.
In short, I have grave doubts that silence can ever be deemed assent to a plea. Even the clear equities in favor of the state do not, it seems to me, overcome the plain requirements of the rules that all terms of plea agreements be openly and verbally assented to by the defendant personally on the record. With great reluctance, I am compelled to dissent.