754 So.2d 723 (1999)
Roan PEART, Appellant,
v.
STATE of Florida, Appellee.
No. 98-2958.
District Court of Appeal of Florida, Fourth District.
August 4, 1999.
Benjamin S. Waxman of Robbins, Tunkey, Ross, Amsel, Raben & Waxman, P.A., Miami, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Sarah B. Mayer, Assistant Attorney General, West Palm Beach, for appellee.
HAZOURI, J.
Appellant, Roan Peart ("Peart"), appeals from the denial of his petition for writ of error coram nobis. We affirm.
On October 21, 1992, Peart pled guilty to carrying a concealed weapon and driving without a valid driver's license. Peart signed and initialed a waiver of rights form that indicated he understood a guilty plea could have negative consequences on his immigration status. When Peart appeared before the court, he stated: (1) he read the entire waiver of rights form; (2) he understood what he read; (3) his lawyer went over the waiver of rights form to his satisfaction; and (4) he understood all the rights he was giving up by entering a guilty plea. Peart was sentenced to one year of probation and time served.
On appeal, Peart claims his plea was involuntary because the trial judge did not advise him of the potential deportation consequences of a guilty plea. To support this claim, Peart points to the fact that at the plea hearing the trial judge did not orally advise him of the immigration consequences of entering a guilty plea. This court has previously held that rule 3.172(c) does not permit a written plea agreement to substitute for an on-the-record plea colloquy. See Perriello v. State, 684 So.2d 258, 260 (Fla. 4th DCA 1996).
In Perriello, the defendant signed a plea agreement containing a deportation warning and initialed every page. The deportation warning was one short paragraph in a seven-page document and defendant's comprehension of the English language was not very good at the time of the plea. Further, there was no record evidence that the defendant understood the contents of the form. This case is distinguishable from Perriello because there is no evidence to indicate that Peart's comprehension of the English language was limited in any way. During the plea colloquy, Peart clearly indicated he understood the contents of the waiver and that he was giving up his rights by pleading guilty. In addition, *724 the waiver of rights form was only two pages long and Peart initialed next to each individual right he waived.
This court has recognized that nothing in rule 3.172(c) mandates that the trial judge obtain an express, on the record, verbal acknowledgment as to the matters contained in every subsection of the rule. See Buell v. State, 704 So.2d 552, 553 (Fla. 4th DCA 1997). In a case dealing with the habitualization of several defendants, the supreme court upheld the use of preprinted forms in accepting pleas. See State v. Blackwell, 661 So.2d 282, 284 (Fla.1995). In Blackwell, the defendants signed a written plea and prior to accepting the pleas, the trial court confirmed with each defendant he read the plea and understood it. The trial court also offered each defendant an opportunity to ask questions. Each defendant said he read the plea, understood it, and had no questions.
The facts in this case are similar to those in Blackwell because Peart said he read the plea, understood it and had no questions. The plea colloquy established that Peart "intelligently consumed the written information contained within" the waiver of rights form and that he intelligently and voluntarily entered a guilty plea. Lu v. State, 683 So.2d 1110, 1112 (Fla. 4th DCA 1996)(reversing and remanding for an evidentiary hearing due to the absence of a transcript of the plea colloquy when the issue was whether the plea form alone was sufficient to demonstrate compliance with rule 3.172(c)(8)). Based upon the decisions in Blackwell and Buell, we affirm the denial of Peart's petition for writ of error coram nobis.
STONE and SHAHOOD, JJ., concur.