COPE, J.
Emmanuel Lubin appeals an order denying his petition for writ of error coram nobis. We affirm.
During trial, defendant-appellant Lubin entered a plea of nolo contendere, while maintaining his innocence, to the charges of conspiracy to traffic in cocaine and trafficking in cocaine. Adjudication was withheld and he was sentenced to one year of probation, which he has completed.
On May 3, 1999, defendant filed a petition for writ of error coram nobis, seeking to withdraw his plea. The trial court denied the motion and this appeal follows.
Defendant contends that he does not understand the English language and because there was no French interpreter present, he did not understand the plea proceedings. For present purposes we assume, without deciding, that such a claim is cognizable on coram nobis. This claim is refuted by the record. During the plea, defendant personally assured the trial court that he understood the proceedings, and defendant’s counsel stated that defendant “knows English perfectly.”
Defendant contends that he did not know the charges to which he entered his plea. We again assume, without deciding, that such a claim is cognizable on coram nobis. This, too, is refuted by the record. Defendant was already in the middle of trial, with the assistance of counsel. Plainly by that point defendant knew what the pending charges were.
Defendant argues that the plea colloquy is deficient because it fails to explicitly set forth a factual basis for the plea. A mere irregularity in the plea colloquy is not, without more, a basis for coram nobis relief. See State v. Fox, 659 So.2d 1324, 1327 (Fla. 3d DCA 1995). Furthermore, the plea colloquy is sufficient. The judge took this plea after two days of trial, and had heard not only the State’s opening statement, but witness testimony as well. In the portion of the plea colloquy dealing with the prima facie case, the court said, “I have heard the nature of the case during the last couple of days of trial.... ” The applicable rule requires that in accepting a plea, “the trial judge shall be satisfied that the plea is voluntarily entered and that there is a factual basis *243 for it.” Fla. R.Crim. P. 3.172(a). The trial judge had been listening to the factual basis for two days, prior to the entry of this plea. The defendant makes no particularized claim that a factual basis did not exist, but only -objects to the form of the plea colloquy.
Affirmed.