DAVIS, Judge.
Vipul Reshamwala appeals the trial court’s summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Because Reshamwala has stated a facially sufficient claim that is not refuted by the record attachments of the trial court, we reverse.
Reshamwala entered into a written open plea agreement in which he pleaded no contest to the charge of committing a lewd and lascivious act upon a child under sixteen years of age. The trial court withheld adjudication and sentenced Resham-wala to ten years’ probation. Reshamwala claims that his plea was involuntary because he was not advised as to the possible deportation consequences of his plea. He asserts he would not have entered his plea if he had known that he could be deported. Reshamwala sufficiently alleges that he is now threatened with deportation. Resh-amwala’s motion is facially sufficient. See Peart v. State, 754 So.2d 723 (Fla. 4th DCA 1999).
The trial court denied Reshamwala’s claim finding that it was conclusively refuted by the record transcript of the plea hearing and the written plea form. The plea transcript, however, shows that the possibility of deportation was not discussed at the plea hearing. Further, the plea form fails to warn Reshamwala adequately of the potential consequences of his plea. The plea form incorrectly indicates only that Reshamwala could be deported if he was convicted.[1] The record attachments *90 therefore do not conclusively refute Resh-amwala’s claim. Accordingly, we reverse and remand for an evidentiary hearing.
Reversed and remanded.
FULMER and SILBERMAN, JJ., Concur.

. Florida Rule of Criminal Procedure 3.172(c)(8) provides that if a defendant "pleads guilty or nolo contendere the trial judge must inform him or her that, if he or *90 she is not a United States citizen, the plea may subject him or her to deportation pursuant to the laws and regulations governing the United States Immigration and Naturalization Service.” Rule 3.172(c)(8) is not limited to whether the defendant is adjudicated guilty.