SORONDO, J.
Elba Antonia Altamirano, defendant, appeals the summary denial of her motion for post conviction relief filed pursuant to Florida Rule of Criminal Procedure, 3.850. We affirm.
Defendant was involved in an argument with her live-in boyfriend. During the altercation, she retrieved the boyfriend’s gun from his vehicle and shot at him four times, striking him once in the left forearm. She was charged with aggravated battery with a firearm. Subsequently, the charge was reduced to aggravated battery with a weapon in exchange for a plea of nolo contendere. The trial court conducted a thorough plea colloquy:
THE COURT: Ma'am, what you’re charged with here is aggravated battery with a firearm. Now, that is a felony punishable by up to fifteen years in prison, and with the firearm a minimum sentence of three years in prison. It is my understanding, however, the State Attorney is prepared to orally amend the Information to read aggravated battery with a weapon, but not a firearm. It is my further understanding that you would plead no contest to that charge. It is my further understanding that you would be found guilty but adjudication of guilt will be withheld, that you will be placed on three years probation, and as a special condition of your probation you will enter and successfully complete the Domestic Intervention Program ....
* * * *
THE COURT: And you’re going to be giving up some rights. I want to tell you what those are.
You will be giving up your right to a trial by jury. You also give up your right to a non-jury trial. With the consent of the State Attorney, you could have your case tried by a judge without a jury, if you wanted to, and when you plead no-contest, you give up that right. You also give up your right to be presumed innocent and your right to force the State Attorney to try and prove your guilt beyond and to the exclusion of every reasonable doubt to a judge or a jury, depending upon what sort of trial you had. You give up your right to confront and cross examine your accusers, all the people who say you’re guilty of this crime. You give up your right to call witnesses of your own to testify on your behalf and the right to have subpoenas issued to compel their attendance in court. You give up your right to testify yourself and have your testimony *1031 treated like any other witness’ testimony. Now, you wouldn’t have to testify at your trial, you could always rely on your right to remain silent. If you do that, no judge or jury could draw any inference of guilt based upon your decision not to testify. You also give up your privilege against self incrimination, and your right to an appeal. If you are not a U.S. citizen, you are subject to the possibility of deportation.
Knowing all of that, dó you still want to plead no contest to the sentence I said I would give you.
DEFENDANT: I think it would be a good idea.
[[Image here]]
THE COURT: Are you satisfied with Ms. Melzer’s work as your lawyer?
DEFENDANT: Oh, yes. Very good. Real nice.
The trial judge entered a withhold of adjudication and sentenced Defendant to three years probation with the possibility of early termination.
Five and one half years later, Defendant filed a motion for post conviction relief challenging her sentence. In this motion, Defendant challenged the voluntariness of her plea alleging that the trial court: (1) failed to ensure that there was an adequate factual basis for the plea; (2) failed to determine that she understood the nature of the charges; (3) failed to elicit an acknowledgment that she believed her plea was in her best interest; and (4) that her trial counsel was ineffective for failing to investigate the defenses of accident or self defense. The trial court had jurisdiction pursuant to Wood v. State, 750 So.2d 592 (Fla.1999), to hear the claim and summarily denied the motion for post conviction relief. We address each of Defendant’s claims.
As concerns Defendant’s first claim, at the conclusion of the plea colloquy, the trial judge stated:
THE COURT: I have read the A-Form, I find there’s a factual basis for the plea and I’ll accept the plea of no contest to aggravated battery with a weapon ....
Defendant raised no objection to this finding. We have read the arrest affidavit to which the trial judge alluded and find that it does, in fact, set forth a factual basis for the plea. See Lubin v. State, 760 So.2d 241, 242 (Fla. 3d DCA 2000).
Next, Defendant alleges that she did not understand the nature of the charges for which the plea was tendered. However, Defendant does not explain what it was about her charges that she did not understand. Such a general claim is unreviewable by either the lower court or this Court. See Peart v. State, 756 So.2d 42, 45 (Fla.2000)(“The petition should fully assert the evidence upon which the alleged facts may be proven and the source of such evidence.”); Ford v. State, 753 So.2d 595 (Fla. 3d DCA 2000)(generalized assertion not.cognizable by writ of error coram no-bis).
Even if the Defendant were to claim that her plea was not voluntary as she did not understand the nature of the offense to which she pled and the consequences of her plea, the record refutes her claim. In State v. Perry, 786 So.2d 554 (Fla.2001), the Florida Supreme Court addressed the requirements that are essential in determining the voluntariness of a plea. The Supreme Court listed three requirements: (1) the plea must be voluntary; (2) the defendant must understand the nature of the charge and the consequences of his plea; and (3) there must be a factual basis for the plea. Id. at 557 (citing Williams v. State, 316 So.2d 267, 271 (Fla.1975)). In reference to the second requirement, the Court stated:
*1032 The second element [i.e., that the defendant understand the nature of the charge] requires that a defendant be sufficiently informed so that he or she understands the consequences of his or her plea — that the defendant realizes the decision to plead guilty waives some of his or her constitutional rights, like the right to a jury trial, as well as other significant consequences. This Court accordingly has permitted a writ of error coram nobis where the Petitioner asserted he was not informed his plea could constitute a ‘prior offense’ in subsequent proceedings. As another element of ensuring a plea is informed, the defendant must also understand the nature of the charge, ensuring the defendant knows what particular act he has committed, what law he has violated, and the maximum penalty which may be imposed for the charged offense,
(citations omitted).[1]
In the present case, the trial court specifically informed Defendant during the plea colloquy that she was charged with aggravated battery with a firearm and discussed that a maximum penalty of fifteen-years could be imposed. The court also explained her constitutional rights and verified that Defendant understood that she would waive those rights by entering a plea. The plea colloquy refutes Defendant’s claim that she did not understand the nature of the charges.
Defendant also claims that the trial judge failed to elicit an acknowledgment from her that the plea was in her best interest. Although it is true that the judge did not specifically utter those words, in determining whether a trial judge has complied with the requirements of rule 8.172, Florida Rule of Criminal Procedure, it is important to remember that “nothing in the rule mandates that the trial judge obtain an express, on the record, verbal acknowledgment as to the matters contained in every subsection of the rule Buell v. State, 704 So.2d 552, 553 (Fla. 4th DCA 1997). In the present case, the judge dealt with the issue as follows:
THE COURT: Ma'am, when you enter a plea of no contest to a criminal charge, it is very much the same thing as a guilty plea. Technically, you’re not admitting you’re guilty but, on the other hand, you’re not saying you’re not, but it’s like a guilty plea in this sense, it means there will be no trial.
DEFENDANT: Okay.
The judge went on to explain all of the rights Defendant was waiving and concluded by asking her:
THE COURT: Knowing all of that, do you still want to plead no contest to the sentence I said I would give you?
DEFENDANT: I think it will be a good idea.
As the Fourth District Court of Appeal noted in Buell, “[m]any things happen in a courtroom which do not filter through the court reporter’s ears to the printed page of a transcript. This is why great weight is placed on a trial judge’s findings made pursuant to Rule 3.172.” Given the very favorable terms of the plea agreement, and the Defendant’s responses during the plea colloquy, the judge in this case had sufficient information before him to conclude that Defendant felt the plea was in her best interest.
*1033 Finally, Defendant alleges that defense counsel was ineffective for failing to advise her that there were several viable defenses. The facts upon which a petition of error coram nobis are based must have been unknown at trial, and it must appear that Defendant and counsel could not have known about them by the use of due diligence. Perry, 786 So.2d at 557 (citing Peart v. State, 756 So.2d 42, 45 (Fla.2000)). As Defendant’s claims of ineffective assistance of counsel were grounded on facts that were known at the time of her plea, the claim is not cognizable in error coram nobis. See Baker v. State, 805 So.2d 968 (Fla. 2d DCA 2001)(defendant’s ineffective assistance claim not cognizable in error coram nobis). Furthermore, Defendant did not challenge the plea or sentence during the two year time period for raising post conviction motions. It was not until five and one half years later, and until the threat of deportation had become a reality that Defendant challenged the voluntariness of her plea.
The plea colloquy indicates that Defendant was well informed of her rights and clearly understood that she was waiving those rights when she entered into her very favorable plea agreement. She received a reduction of charges, a waiver of the three year minimum mandatory sentence for use of a firearm during the commission of a felony, a withhold of adjudication, no prison time and the promise that her employer would not find out about her probation.
We find that the record refutes the Defendant’s boilerplate assertion that her plea was not voluntary, and find this thin assertion is not cognizable by error coram nobis. Accordingly, we affirm.

. In Major v. State, 814 So.2d 424, 430 (Fla.2002), the court clarified that the example given in Perry under this second requirement, which states "[t]his Court ... has permitted a writ of error coram nobis where the Petitioner asserted he was not informed his plea could constitute a 'prior offense’ in subsequent proceedings”, focused on whether error coram nobis was the appropriate procedural vehicle and not the determination of the substantive issue of direct versus collateral consequences.