MONACO, J.
Inexplicably the appellant, John Henry Hall, made an open plea of guilty to the trial court with respect to various property crimes, even though punishment was sought of him as a prison releasee reoffen-der. He was sentenced to the mandatory 15 years in prison by virtue of that status, and because one the crimes he admitted to was a second-degree felony. What makes this inexplicable is that the State offered Mr. Hall in exchange for his plea a ten-year prison sentence, followed by five years of probation. In the face of a 15 year mandatory sentence, and given an offer of substantially less prison time by the State, Mr. Hall pled open to the court.
Mr. Hall did not take a direct appeal from his judgment and sentence. He sought relief by filing a motion pursuant to Rule 3.850, Florida Rules of Criminal Procedure. In that motion Mr. Hall sought to withdraw his guilty plea because he contended that his counsel had assured him that he would not be sentenced to more than seven years in prison. He said, as well, that had he not had his attorney’s “promises,” he would have accepted the plea offer.
When Mr. Hall sought Rule 3.850 relief, the State admirably conceded that there was a miscommunication between Mr. Hall and his attorney regarding the effect of the open plea, and suggested that Mr. Hall be afforded counsel by the court for the post-conviction hearing. The trial court, however, declined to appoint counsel for him.
At the hearing Mr. Hall, appearing pro se, testified that his attorney told him that he would receive no more than seven years in prison if he pled open to the court. He said, as well, that the subject of his being a prison releasee reoffender was not mentioned until he was in the courtroom at the time he entered his plea. His attorney then testified that ordinarily she would not promise a specific sentence to a defendant, other than to say that the judge could always sentence a defendant to the maximum allowed by law. The prosecutor testified that on the morning of the plea hearing she mentioned to Mr. Hall’s defense counsel that the defendant was a prison releasee reoffender. According to the prosecutor, the response from defense counsel to this news was that “I’m going to go ahead and plea to the bench.”
*1150 At this point the State apparently realized that either there was a serious mis-eommunication between Mr. Hall and his counsel, or that counsel simply did not recognize the significance of the fact that Mr. Hall was legally bound to receive the fifteen year prison sentence required by statute. See § 775.082(9)(a)(3), Florida Statutes (2004). In order to salvage this situation the State graciously and commendably renewed the offer of ten years in prison, followed by five years probation. Mr. Hall readily agreed. But the trial court did not. Instead, the court declined to accept the State’s offer, and denied the motion for post-conviction relief saying without elaboration that this was “a question of a defendant outsmarting himself by trying to be too clever.” We think post-conviction relief is warranted.
The Florida Supreme Court has said on a number of occasions that there are three essential requirements that must be met in taking a guilty plea: (1) the plea must be voluntary; (2) the defendant must understand the nature of the charge and the consequences .of the plea; and (3) there must be a factual basis for the plea. See, e.g., State v. Perry, 786 So.2d 554, 557 (Fla.2001); Williams v. State, 316 So.2d 267, 271 (Fla.1975). In the present case, neither the second nor the third element are satisfied. Before a guilty plea can be accepted, there must be an “affirmative showing that it was entered intelligently and voluntarily.” See Scheller v. State, 327 So.2d 876, 877 (Fla. 2d DCA 1976). The defendant must be “sufficiently informed” so that he or she understands the consequences of the plea. See Altamirano v. State, 817 So.2d 1029, 1032 (Fla. 3d DCA 2002); see also Kadar v. State, 370 So.2d 1231 (Fla. 4th DCA 1979).
Here, it is virtually uncontradicted that Mr. Hall did not understand the effect of his plea to the court. At the plea hearing Mr. Hall’s counsel discussed the appellant’s long history of drug abuse, and asked the court for a community based sanction with a drug treatment component. She specifically asked that he not be sentenced to prison. Clearly, she was unaware of the effect that Mr. Hall’s prison releasee reoffender status would have on his sentence. Mr. Hall then also asked for a non-prison sanction. During the plea colloquy there was no mention by the trial court of the fifteen year mandatory sentence for his crimes. After his guilty plea was accepted and he was sentenced to fifteen years in prison, Mr. Hall’s reaction was to ask, “How much time did you give me, your Honor?”
Trial counsel should have been aware of the effect of Mr. Hall’s prison releasee reoffender status on his sentence, and she should have most assuredly either taken this case to trial or urged her client to accept the generous plea offer. Arguing for probation in the face of a mandatory prison sentence under the circumstances of this case amounts to ineffective assistance of counsel. See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Thus, the trial court abused its discretion in failing to grant relief.
Accordingly, we reverse and remand with instructions either to allow Mr. Hall to withdraw his plea, or to allow Mr. Hall to accept the plea bargain offered by the State, if the State wishes to continue to extend it.
REVERSED AND REMANDED.
SHARP, W. and THOMPSON, JJ„ concur.