PER CURIAM.
We affirm the summary denial of appellant’s untimely and successive postconviction motion which attempted to challenge his 1996 plea. Padilla v. Kentucky, — U.S. —, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010), is not retroactive. Hernandez v. State, 61 So.3d 1144 (Fla. 3d DCA 2011), rev. granted, 81 So.3d 414 (Fla.2012); Davis v. State, 69 So.3d 315 (Fla. 4th DCA 2011). Appellant, a habitual felony offender, has other convictions subjecting him to deportation, and he has not shown that the plea in this case alone subjects him to deportation. See Forrest v. State, 988 So.2d 38, 40 (Fla. 4th DCA 2008); Buton v. State, 995 So.2d 1130, 1132 (Fla. 4th DCA 2008).
Further, contrary to appellant’s sworn allegation that he was not advised, appellant signed a plea form which advised of the possibility of deportation, and he acknowledged on the record during the plea colloquy that he had read and understood the form. See Flores v. State, 57 So.3d 218 (Fla. 4th DCA 2010); Peart v. State, 754 So.2d 723 (Fla. 4th DCA 1999).
Appellant has initiated numerous untimely and meritless postconviction challenges and appeals. He appears to have brought false information before the court. He is cautioned that abuse of postconviction relief procedures may result in sanctions. See State v. Spencer, 751 So.2d 47 (Fla.1999); § 944.279(1), Fla. Stat. (2012); § 944.28(2)(a), Fla. Stat. (2012); Fla. R.Crim. P. 3.850(m). The bringing of false information before a court may result in a perjury prosecution or other sanctions. Oquendo v. State, 2 So.3d 1001, 1007 (Fla. 4th DCA 2008).

Affirmed.

WARNER, TAYLOR and DAMOORGIAN, JJ., concur.