715 So.2d 956 (1998)
STATE of Florida, Appellant/Cross-Appellee,
v.
Fernanda OAKLEY, Appellee/Cross-Appellant.
No. 97-1043.
District Court of Appeal of Florida, Fourth District.
May 27, 1998.
*957 Robert Butterworth, Attorney General, Tallahassee, and David M. Schultz, Assistant Attorney General, West Palm Beach, for appellant/cross-appellee.
Richard Jorandby, Public Defender, and David McPherrin, Assistant Public Defender, West Palm Beach, for appellee/cross-appellant.
PER CURIAM.
This is an appeal and cross-appeal from a summary disposition, granting appellee/cross-appellant's rule 3.850 motion for post-conviction relief. We reverse the main appeal and affirm the cross-appeal.
Appellee does not seriously challenge the state's argument that the trial court erred in finding non-compliance with rule 3.172(c)(8), Florida Rules of Criminal Procedure. However, she contends that if we reverse, the trial court should be directed on remand to address her claim of involuntary plea due to a change in federal immigration law since the time of her plea, which now subjects her to automatic deportation. This latter claim was not addressed in the trial court's order although contained in appellee's motion.
Appellee's argument is not persuasive. She would be subject to deportation under the amended federal law regardless of her plea and adjudication in this case. Aliens convicted of an aggravated felony are conclusively presumed to be deportable from the United States. 8 U.S.C. § 1227(a)(2)(A)(iii). 8 U.S.C. Section 1101(a)(43)(B), defines aggravated felony as including drug trafficking. Before her plea in this case, appellee had been convicted of trafficking in cocaine.
GLICKSTEIN, DELL and FARMER, JJ., concur.