899 So.2d 430 (2005)
Eduardo CHAVEZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D04-2106.
District Court of Appeal of Florida, Third District.
April 6, 2005.
*431 John H. Lipinski, Miami, for appellant.
Charles J. Crist, Jr., Attorney General, and Fredericka Sands, Assistant Attorney General, for appellee.
Before GERSTEN, SHEPHERD, and ROTHENBERG, JJ.
ROTHENBERG, Judge.
The defendant, Eduardo Chavez, appeals the denial of his motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm.
On August 18, 1997, the defendant pled guilty to possession of cocaine. The transcript of the plea colloquy indicates that the trial court asked the defendant, as required by Florida Rule of Criminal Procedure 3.172(c)(8), whether he understood that, if he was not a citizen of the United States, the plea could have adverse immigration consequences, and that the defendant responded that he understood.
The defendant filed a 3.850 motion seeking to vacate his sentence, arguing that the plea was not made voluntarily with the understanding that his plea could have adverse immigration consequences. The defendant acknowledges that the transcript indicates that the trial court informed him that the plea could have adverse immigration consequences, but asserts that "the interpreter never translated anything that was said during the plea colloquy; rather, the interpreter asked the defendant in Spanish whether he wanted to go to jail and, when defendant replied in the negative, told defendant in Spanish that if he simply answered as instructed by the translator, defendant would only have to sign a piece of paper and the matter would be concluded." The defendant also filed a supplement to the post-conviction motion contending that the motion was timely filed because it was filed less than two years after learning that he was under the threat of deportation. He argued that on October 30, 2002, the United States Immigration and Naturalization Service ("INS") notified him that his application for Lawful Permanent Resident had been denied based on his 1997 conviction for possession of cocaine.[1]
The trial court summarily denied the defendant's motion for post-conviction relief finding that it was untimely, and that even if it was timely filed, it was premature because he was not under the threat of deportation. The defendant's appeal follows.
*432 The defendant contends that the trial court erred by denying his 3.850 motion. We disagree.
First, the defendant entered into the plea in 1997 and filed the 3.850 motion for post-conviction relief in 2004. Therefore, the motion was untimely because it was filed well past the two-year time limit prescribed by Rule 3.850(b). Second, even if timely filed, the trial court properly denied the motion because the plea transcript indicates that the defendant was properly advised by the trial court that his plea could have negative consequences upon his immigration status, and that the defendant responded that he understood. Moreover, the transcript unequivocally disputes the defendant's claim that the interpreter was not interpreting. The transcript indicates that the defendant answered responsively to each question asked of him by the trial court. Accordingly, we affirm the order denying the defendant's motion for post-conviction relief.
NOTES
[1] Contrary to the defendant's assertion, at the time that the motion was filed, he was not under the threat of deportation. See Kindelan v. State, 786 So.2d 599 (Fla. 3d DCA 2001)(holding that petitioner was not entitled to post-conviction relief just because INS had advised him that he was excludable from the United States as a result of his conviction).