971 So.2d 832 (2007)
Peter MARKLAND, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D07-1958.
District Court of Appeal of Florida, Third District.
October 17, 2007.
Rehearing Denied December 5, 2007.
Peter Markland, in proper person.
Bill McCollum, Attorney General, for appellee.
Before COPE, RAMIREZ, and SUAREZ, JJ.
COPE, J.
This is an appeal from an order denying a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. We affirm.
Defendant-appellant Markland was prosecuted for first-degree murder and other offenses. In exchange for a waiver of the death penalty, the defendant entered into a plea agreement with the State. The trial court approved the plea agreement and sentenced the defendant to life imprisonment with a twenty-fiveyear mandatory minimum sentence on the first degree murder charge, plus five consecutive life sentences on the other felony counts.[*] There was no warning during plea colloquy of the possible deportation consequences of the plea. See Fla. R.Crim. P. 3.172(c)(8). The defendant is a citizen of Jamaica.
On January 13, 1995, an immigration judge entered a deportation order against the defendant. Ten years later, in 2005, the defendant moved to withdraw his plea on the basis that he had not been advised of the immigration consequences of his plea. The trial court denied the claim as being time barred, because "[t]he defendant has two years to file a motion for relief from the time that he had notice of the threat of deportation." Order, April 21, 2005 (citation omitted). This court affirmed that order on appeal. Markland v. State, 917 So.2d 201 (Fla. 3d DCA 2005) (table).
In 2007, the defendant filed a motion for postconviction relief again seeking to set aside his plea because of the trial court's *834 failure to advise him of the deportation consequences of the plea. In so doing, the defendant relied on State v. Green, 944 So.2d 208 (Fla.2006), which receded in part from Peart v. State, 756 So.2d 42 (Fla. 2000), and changed the commencement date for filing motions for postconviction relief based on a claim of failure to advise of deportation consequences. 944 So.2d at 217-18. The Green court said:
To reiterate our holding in this case, a defendant seeking to withdraw a plea because the trial court did not advise the defendant of the possibility of deportation as part of the plea colloquy must file a rule 3.850 motion within two years after the judgment and sentence become final. The motion must allege, in addition to the lack of a deportation warning, that the defendant would not have entered the plea if properly advised and that under current law the plea does render the defendant subject to being removed from the country at some point in the future. A defendant filing outside the two-year limitation period must allege and prove that he or she could not have ascertained the immigration consequences of the plea with the exercise of due diligence within the two-year period.
Our holding in this case reduces the time in which a defendant must bring a claim based on an alleged violation of rule 3.172(c)(8). Therefore, in the interest of fairness, defendants whose cases are already final will have two years from the date of this opinion in which to file a motion comporting with the standards adopted today.
Id. at 219.
Relying on Green, the defendant filed his 2007 postconviction motion, again raising the claim that he should be granted relief from his plea because the plea colloquy failed to advise him of the deportation consequences of the plea. The trial court correctly denied the motion.
First, the defendant's claim is time-barred. In 2005 the trial court found the claim to be time-barred under the more liberal time standard contained in the Peart decision. The Green decision "reduces the time in which a defendant must bring a claim based on an alleged violation of rule 3.172(c)(8)." Id. at 219. The Green decision does not revive a claim which has already been found to be time-barred under Peart.
Second, the trial court also stated that the claim was without merit and denied relief on authority of Saint-Fleur v. State, 840 So.2d 261 (Fla. 3d DCA 2002), review denied, 906 So.2d 1059 (Fla.2005). In that case our court said:
[W]here a defendant enters a plea in exchange for a sentence of life imprisonment without the possibility of parole . . . it is implausible to say that the possibility of deportation would have stopped the defendant from entering into the plea. If an agreed sentence is for life imprisonment, there is no realistic possibility of deportation.
Id. at 262.
Affirmed.
NOTES
[*] The crime date was August 27, 1990.