977 So.2d 794 (2008)
Federico VENTURA, Appellant,
v.
STATE of Florida, Appellee.
No. 2D07-802.
District Court of Appeal of Florida, Second District.
April 4, 2008.
*795 SILBERMAN, Judge.
Federico Ventura challenges the postconviction court's order denying his second refiled motion for postconviction relief as facially insufficient. We reverse.
In 1994, Ventura entered a guilty plea to carrying a concealed firearm and driving while license suspended. In September 2006, through counsel, he filed his motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. He asserted that he was not advised by the trial judge or anyone else that his plea may subject him to deportation, in violation of rule 3.172(c)(8). He alleged that his primary language is Mam and that if anyone had told him of the immigration consequences of his plea he did not understand it because no one spoke to him in Mam.[1] He had completed only four years of elementary school in Guatemala, and when he was arrested he had been in the United States for just over a year working as a day laborer picking crops. At the time of his guilty plea, he did not speak, read, or comprehend English. Although a Spanish translator was used by the court, he understood little of what was being explained because "he had a rudimentary ability to speak and comprehend perhaps 25 different Spanish phrases." Further, the plea form did not advise him of the possibility of deportation.
Ventura stated that in July 2006 he was threatened with deportation because of the 1994 convictions. He claimed that had he been told that the entry of his guilty plea would subject him to deportation, he would not have entered the guilty plea and would have proceeded to trial. He asserted that his trial counsel was ineffective in not recognizing that he required a translator who spoke Mam.
In reviewing the motion, the postconviction court noted that there was an outstanding arrest warrant for Ventura for his failure to comply with the terms of his probation. The postconviction court dismissed the motion without prejudice, stating that it would not entertain the motion until the warrant was satisfied. Ventura does not argue any error as to that order.
In December 2006, Ventura refiled his motion. The postconviction court again dismissed it, citing to State v. Green, 944 So.2d 208 (Fla.2006). The court noted that the motion was filed more than ten years after the two-year limit contained in rule 3.850 and found that Ventura had failed to *796 "allege and prove that he could not have ascertained the immigration consequences of his plea with the exercise of due diligence within the two year time limit." The dismissal was without prejudice to Ventura refiling a facially sufficient motion within sixty days.
In January 2007, Ventura filed what he designated as his second refiled motion. As to timeliness, he argued that the postconviction court had misinterpreted Green. He contended that he was not required to allege and prove that he could not have ascertained the immigration consequences of his plea with the exercise of due diligence within two years of the original 1994 sentencing date. The postconviction court denied relief based on Green, and this appeal ensued.
Prior to Green, in order to establish prejudice warranting relief for a claim regarding the failure to warn of deportation consequences, defendants "had to establish that they did not know that the plea might result in deportation, that they were `threatened' with deportation because of the plea, and that had they known of the possible consequence they would not have entered the plea." Peart v. State, 756 So.2d 42, 47 (Fla.2000), receded from in Green, 944 So.2d at 210. A motion for postconviction relief would be timely if it were filed within two years of the time "when the defendant learns or should have learned (whichever is earlier) of the threat of deportation based on the plea." 756 So.2d at 48.
In Green, the supreme court receded from the holding in Peart concerning the timeliness of the motion. The court stated that the two-year period under rule 3.850 "commences when the judgment and sentence become final unless the defendant could not, with the exercise of due diligence, have ascertained within the two-year period that he or she was subject to deportation." 944 So.2d at 210. The defendant would have to establish that he or she is subject to deportation because of the plea rather than establishing that he or she has been specifically threatened with deportation. Id.
The supreme court was mindful of the implications that its decision would have on certain defendants. The court stated as follows:
Therefore, in the interest of fairness, defendants whose cases are already final will have two years from the date of this opinion in which to file a motion comporting with the standards adopted today. In cases now pending in the trial and appellate courts on this issue, courts should apply the criteria set out herein. If relief is denied in a case now pending because the defendant has not alleged or established that he or she is subject to or threatened with deportation, the defendant should be allowed to refile in compliance with the standards set out in this case within sixty days of affirmance, denial, or dismissal. All other defendants have two years from the date their cases become final in which to seek relief under our holding today.
Id. at 219.
Ventura argues that the postconviction court misread Green as it applies to defendants whose cases are already final. We agree. Under Green, a defendant such as Ventura, whose case is already final, has a period of two years from the date of Green to bring a claim alleging "that the trial court did not advise him at the time of his plea that he could be deported, that he would not have entered the plea if properly advised, and that the plea in fact renders him subject to deportation." 944 So.2d at 219. Ventura's second refiled motion meets these pleading requirements.
*797 The trial court's requirement that Ventura also allege and prove that he could not have ascertained the immigration consequences of his plea with the exercise of due diligence within two years of his 1994 convictions is at odds with Green. Such a requirement would undermine the fairness concerns expressed by the supreme court as to defendants whose convictions were already final but who may have been able to obtain relief under Peart because of a recent threat of deportation.[2]
Because Ventura's second refiled motion was facially sufficient under Green, we reverse and remand for the trial court to conduct an evidentiary hearing on the claim.
Reversed and remanded.
SALCINES and DAVIS, JJ., Concur.
NOTES
[1] Ventura asserted that Mam is one of four dialects that derive from the Mayan culture.
[2] As noted by the Third District in Markland v. State, 971 So.2d 832, 834 (Fla. 3d DCA 2007), Green does not revive a claim that is already "time-barred under the more liberal time standard contained in the Peart decision."