989 So.2d 688 (2008)
Jorge PRIETO, Appellant,
v.
STATE of Florida, Appellee.
No. 4D08-1360.
District Court of Appeal of Florida, Fourth District.
July 30, 2008.
Rehearing Denied October 3, 2008.
*689 Jorge Prieto, Miami, pro se.
No appearance required for appellee.
PER CURIAM.
The appellant, Jorge Prieto, appeals the summary denial of his rule 3.850 motion to vacate his plea entered on August 10, 1989. He claims he is entitled to relief because the lower court failed to properly inform him of the possible immigration consequences related to the plea, as required under rule 3.172(c)(8). The lower court denied relief based on the belief that Prieto could not show sufficient prejudice, as he faced removal due to a second conviction in Miami-Dade County, citing State v. Oakley, 715 So.2d 956 (Fla. 4th DCA 1998). We affirm the lower court's order, but do so because the motion was untimely filed.
According to his motion, Prieto entered his plea in this case on August 10, 1989. Prieto completed his sentence in this case and thereafter entered a plea in Miami-Dade County on an unrelated attempted first-degree murder charge. Nearly two years after the entry of his plea in the Miami-Dade case, the federal government served notice upon Prieto that he would face deportation due to the convictions in both the instant case and the Miami-Dade case. Prieto acknowledges he received this notice on October 17, 1995. Prieto challenged his Miami-Dade plea claiming he was not informed of the immigration consequences, but he did not file a similar motion challenging the Broward conviction, at least not until February 15, 2008.
Prieto's case is governed by our supreme court's decision on violations of rule 3.172(c)(8), Peart v. State, 756 So.2d 42 (Fla.2000), receded from in State v. Green, 944 So.2d 208 (Fla.2006). The court, in Peart, attempted to clarify the procedural and pleading requirements of such motions. The court announced that rule 3.850 was the proper vehicle to bring such claims, held that the two-year limitations period begins to run when "the defendant has or should have knowledge of the threat of deportation based on the plea," and concluded that a defendant need not prove an acquittal is likely once the plea is withdrawn. The court specifically noted that, as it related to the limitations period, "defendants who gained knowledge of the threat of deportation prior to the filing *690 date of this decision shall have two years from this decision to file a rule 3.850 motion alleging their claims for relief." Peart, 756 So.2d at 46. The opinion issued on April 13, 2000, thus giving all such defendants, including Prieto, until April 13, 2002 to timely seek relief. As noted above, Prieto, who was given notice of deportation by INS in 1995, did not seek relief under Peart, as to this case, until February 2008.
In Green, the supreme court recognized the time frame set forth in Peart was not functioning as intended. "[O]ur review has alerted us to larger problems in applying Peart fairly, efficiently, and with adequate regard for finality." Green, 944 So.2d. at 210. After a detailed analysis, the supreme court receded from Peart and held:
"A motion seeking to withdraw a plea on grounds that the trial court did not advise the defendant of the possibility of deportation will be held to the same time constraints as other postconviction motions raising other claims under rule 3.850. These claims must be brought within two years of the date that the judgment and sentence ... become final."
Green, 944 So.2d at 218.
The Green court recognized the application of this new limitations period may severely impact the due process rights of some litigants, and therefore, announced an exception. "[I]n the interest of fairness, defendants whose cases are already final will have two years from the date of this opinion in which to file a motion comporting with the standards adopted today." Id. at 219. This exception applied because the holding in Green "reduces the time in which a defendant must bring a claim based on an alleged violation of rule 3.172(c)(8)." Id. The supreme court did not announce any intent to allow defendants to revive an already stale claim, but rather closed a loophole that resulted in a scenario where a defendant could not file a sufficient claim under Peart, and would be unable to file a timely claim under Green.
Recently, this court addressed a similar situation that required an interpretation of Green's expanded limitations period. See Pena v. State, 980 So.2d 542 (Fla. 4th DCA 2008). Therein, Pena filed a timely rule 3.850 motion in 2000, under Peart, but voluntarily withdrew the motion while seeking a change in citizenship status through the federal government. When the federal authorities denied the change in citizenship status, Pena re-filed his rule 3.850 motion in 2007, this time claiming he was timely under Green. We rejected this interpretation, citing Markland v. State, 971 So.2d 832 (Fla. 3d DCA 2007), and concluded Green did not revive a claim that existed under Peart, but expired prior to the issuance of Green. We apply this same interpretation here, noting Prieto had a viable and timely claim under Peart from April 2000 through April 2002. When the time expired to seek relief under Peart, Prieto's claim was extinguished and was not revived by Green.
Affirmed.
KLEIN and DAMOORGIAN, JJ., concur.
HAZOURI, J., concurs specially with opinion.
HAZOURI, J., concurring specially.
While I concur that the timeliness issue is determinative, I write to point out an anomaly that I believe needs some attention. As noted above, the lower court denied relief based upon our holding in State v. Oakley, in which we held that a defendant cannot show sufficient prejudice if he or she is otherwise removable due to some other conviction. While generally that doctrine would seem to apply to Prieto, I am concerned that logic would work *691 against such an application. The trial and appellate courts have already used that doctrine to deny relief as it related to the Miami-Dade plea, holding the conviction in this case, in Broward County, would prevent a sufficient showing of prejudice in the Miami-Dade case. The lower court herein, also applied Oakley by claiming Prieto could not show sufficient prejudice due to the presence of the Miami-Dade conviction. The "Catch-22" implications should be obvious. Where a defendant makes a claim that two separate pleas were involuntary as a result of a lack of immigration warnings, Oakley should not be used to deny both motions, unless a third conviction would make the defendant otherwise removable. To use Oakley in such a way, as the lower courts did in the Broward case and the Miami-Dade case, would prevent such a defendant from challenging either plea, even if both pleas would be involuntary due to a violation of rule 3.172(c)(8). I acknowledge this conclusion does not alter our decision in the instant case, as Prieto's instant motion was untimely, but recommend that future courts, if presented with a similar situation, fashion a method of review that upholds the principles of Green, provided some other procedural bar does not prevent a review on the merits.