989 So.2d 713 (2008)
Marlon BURRELL, Appellant,
v.
STATE of Florida, Appellee.
No. 1D07-4517.
District Court of Appeal of Florida, First District.
August 27, 2008.
*714 Michael Ufferman, Tallahassee, for Appellant.
Bill McCollum, Attorney General, and Edward C. Hill, Jr., Special Counsel, Criminal Appeals, Tallahassee, for Appellee.
PER CURIAM.
The appellant challenges the trial court's denial of his rule 3.850 motion which argued that he should be permitted to withdraw his plea because he was not advised of possible deportation consequences. The trial court found that although the appellant's motion was timely filed within two years of State v. Green, 944 So.2d 208 (Fla.2006), his motion failed to allege that he could not have ascertained the immigration consequences of the plea with the exercise of due diligence. However, this pleading requirement is not required for those movants filing within two years of the Green opinion. See Ventura v. State, 977 So.2d 794 (Fla. 2d DCA 2008). Accordingly, the postconviction court's order is reversed and the appellant's motion is remanded for consideration on the merits.
REVERSED and REMANDED.
WEBSTER, LEWIS, and HAWKES, JJ., concur.