995 So.2d 1130 (2008)
Ehoud BUTON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D08-3535.
District Court of Appeal of Florida, Fourth District.
December 3, 2008.
*1131 Jonathan H. Rosenthal of Malman, Malman & Rosenthal, Fort Lauderdale, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Laura Fisher Zibura, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
In 1989, appellant Ehoud Buton, who is not a United States citizen, entered a plea to possession of cocaine. In November 2005, immigration officials denied Ehoud's application for permanent resident status, and he learned that he could be deported based on this plea. In April 2008, Buton filed a Florida Rule of Criminal Procedure 3.850 motion seeking to vacate his plea in this case and alleging that he was not advised at the time he entered his plea that this conviction could subject him to deportation. Fla. R.Crim. P. 3.172(c)(8). Buton alleged he would not have entered his plea if properly advised. The trial court summarily denied the motion, and Buton appeals. We reverse and remand for further proceedings.
The trial court concluded that this claim was untimely because more than two years had passed from the date Buton learned that his plea could subject him to deportation. Buton's motion, however, was timely filed within the two-year window provided by State v. Green, 944 So.2d 208, 219 (Fla.2006). The two-year window provided to those whose cases were already final closed on October 26, 2008.
*1132 Before Green, a movant had two years from the date he or she was "threatened with deportation" to raise this type of claim. Peart v. State, 756 So.2d 42 (Fla. 2000). We have held that claims that ripened and were not brought within the two-year window provided by Peart were extinguished and were not revived by Green. Prieto v. State, 989 So.2d 688 (Fla. 4th DCA 2008); Pena v. State, 980 So.2d 542 (Fla. 4th DCA 2008).
While Buton learned that his plea could subject him to deportation in 2005, he was not "threatened with deportation" as contemplated by Peart at that time. Kindelan v. State, 786 So.2d 599 (Fla. 3d DCA 2001) (finding that denial of a request for permanent resident status, and a finding that the movant was removable, was not a threat of deportation); Chavez v. State, 899 So.2d 430, 431 n. 1 (Fla. 3d DCA 2005) (finding that denial of application for permanent resident status was not a "threat of deportation" under Peart). Thus, although aware he was subject to deportation, Buton's claim did not ripen under Peart and was not extinguished by his failure to seek relief within the two-year window provided by that case. Buton had two years from the decision in Green to bring this motion.
As an alternative basis for denial, the trial court concluded that Buton had failed to demonstrate prejudice because additional convictions subjected him to deportation. State v. Oakley, 715 So.2d 956 (Fla. 4th DCA 1998). The November 2005 immigration decision denying permanent resident status referred to two convictions from New York, in addition to the conviction in this case. The state argues that these convictions constitute an independent ground for deportation.
We are unable to tell from the limited record before us whether the two New York convictions independently subject Buton to deportation. Buton contends these were misdemeanor convictions, while the state argues these convictions were for felonies and constitute crimes of "moral turpitude." This court is not the proper forum to litigate in the first instance whether an independent ground for deportation exists under federal immigration law. The issue cannot be determined from the record.
Green requires a movant to allege:
[I]n addition to the lack of a deportation warning, that the defendant would not have entered the plea if properly advised and that under current law the plea does render the defendant subject to being removed from the country at some point in the future.
944 So.2d at 219. We question whether a state court is an appropriate forum to litigate whether a movant is "subject to deportation" under immigration law. Nevertheless, the movant carries the burden of pleading, and ultimately proving, that the conviction under attack currently subjects him or her to deportation.
In addition, to be entitled to relief, Buton must plead and prove that he is subject to deportation based solely on the plea under attack in this case. Forrest v. State, 988 So.2d 38 (Fla. 4th DCA 2008). Buton should have been provided an opportunity to amend his motion to address this issue before the trial court denied the motion on this basis. Id. at 40 (citing Spera v. State, 971 So.2d 754 (Fla.2007)).
Finally, Buton explains in his motion that a transcript of the 1989 change of plea hearing is unavailable because almost 19 years have elapsed, and the court reporter's notes have been destroyed. If conclusive evidence of a violation of rule 3.172(c)(8) does not exist, the trial court has discretion to deny the motion.

*1133 [T]he defendant must state in the rule 3.850 motion how he or she will prove that the immigration warning was not given. In the normal case, this will require the defendant to allege that a hearing transcript will demonstrate a violation of rule 3.172(c)(8). Absent conclusive evidence of a violation, the trial court has discretion to deny relief.
Green, 944 So.2d at 218.
Reversed and remanded for further proceedings.
POLEN, GROSS and MAY, JJ., concur.