MORRIS, Judge.
 

 Jesus Eduardo Ramos appeals the order dismissing as untimely his motion to withdraw plea filed pursuant to Florida Rule of Criminal Procedure 3.850. We conclude that the postconviction court erred by dismissing the motion because Ramos’s second postconviction counsel, Samuel Blanco, admitted that due to an illness and lack of office staff, Blanco failed to file the motion before the expiration of the deadline set forth in
 
 State v. Green,
 
 944 So.2d 208, 218 (Fla.2006). We therefore reverse and remand.
 

 I. Background
 

 In 1992, Ramos pleaded no contest to charges of possession of a controlled substance and possession of drug paraphernalia. Adjudication was withheld, and he was sentenced to three years’ probation.
 

 On July 13, 2009, Ramos filed his motion to withdraw plea, arguing that his plea was involuntarily entered because he was not advised of the deportation consequences pursuant to Florida Rule of Criminal Procedure 3.172(c)(8). In support of the timeliness of his motion, Ramos attached an affidavit from Blanco, dated November 17, 2008. In the affidavit, Blanco explained that he became ill in August 2008 but that he attempted to continue working on the case. Ultimately, however, due to his illness and the loss of both of his staff members, he determined he could no longer continue to represent Ramos. Blanco further explained that he returned the case file to Ramos and referred him to another attorney. Notably, Blanco stated:
 

 [I]f not for my illness, and perhaps also lack of office staff, I believe I would have been able to assist Mr. Ramos to the timely completion of his case, barring unforeseen complications. Any lack of timeliness in Mr. Ramos’ case is directly attributable to my inability to advance his cause or prepare his case for referral out as a result of my compounded incapacity.
 

 Ramos testified at the evidentiary hearing that he “thought” or “believed” that Blanco became ill in August 2008, but when asked whether Blanco failed to do any work on the case from August to December of 2008, Ramos responded: “The only thing that I know is that he just told me he couldn’t continue with the case, that he was very sorry ... because he was sick and ... he told me to go to [another attorney].” Ramos testified that Blanco returned the case file to him at the same time Blanco told Ramos he could no longer represent him, but there is no indication in the record exactly when this conversation took place.
 

 In the order of dismissal, the postconviction court found that Ramos failed to present any evidence or testimony that he could not have ascertained the immigration consequences with the exercise of due diligence. The postconviction court also determined that the exception to the two-
 
 *402
 
 year window for filing a rule 3.850 motion
 
 [1]
 
 did not apply in this case because Blanco did not act negligently.
 

 II. Analysis
 

 In
 
 Green,
 
 the Florida Supreme Court held that
 

 [a] motion seeking to withdraw a plea on grounds that the trial court did not advise the defendant of the possibility of deportation will be held to the same time constraints as other postconviction motions.... These claims must be brought within two years of the date that the judgment and sentence ... bec[a]me final.
 

 944 So.2d at 218. The court further explained that if such a motion was untimely filed, the defendant would be required to allege and prove that “the fact that the plea subjected the defendant to deportation could not have been ascertained during the two-year period with the exercise of due diligence.”
 
 Id.
 
 However, because the holding in
 
 Green
 
 reduced the time for filing such a motion, the court held that “in the interest of fairness, defendants whose cases are already final will have two years from the date of this opinion in which to file a motion comporting with the standards adopted today.”
 
 Id.
 
 at 219.
 

 Green
 
 was decided on October 26, 2006, thereby giving defendants whose judgments and sentences were already final— like Ramos — until October 26, 2008, to file a facially sufficient motion on those grounds. Although Ramos did not file his motion until July 13, 2009, almost nine months past the
 
 Green
 
 deadline, his failure to file a timely motion was directly attributable to Blanco. The trial court’s finding that Blanco did not act negligently is unsupported by the record. Blanco admitted that his illness and lack of office staff prevented him from fulfilling his responsibilities in Ramos’s case, including the timely filing of the motion to withdraw plea.
 

 The record here is unclear as to the exact date on which Ramos learned that Blanco would be unable to continue representing him. However, because Blanco acknowledged the untimeliness issue and because his affidavit was signed November 17, 2008, there is at least a strong inference that the
 
 Green
 
 window had already expired when Ramos learned Blanco could not continue representing him. Accordingly, Ramos sufficiently proved that his counsel, through neglect, failed to timely file the motion to withdraw plea.
 

 We also hold that the trial court erred by finding that Ramos was required to and failed to prove he could not have ascertained the deportation consequences with the exercise of due diligence. In
 
 Ventura v. State,
 
 977 So.2d 794, 797 (Fla. 2d DCA 2008), this court rejected the argument that a defendant whose case was already final prior to the issuance of the
 
 Green
 
 opinion had to meet the due diligence requirement. We held that such a requirement would be at odds with the fairness concerns espoused by the supreme court in
 
 Green. Ventura,
 
 977 So.2d at 797.
 

 Although we are reversing and remanding for the postconviction court to consider Ramos’s motion on the merits, we note that in
 
 Green,
 
 the court discussed a further requirement for defendants that they must state how they will prove that the deportation warning was not given and that “[i]n the normal case, this will require the defendant to allege that a hearing
 
 *403
 
 transcript will demonstrate a violation of rule 8.172(c)(8).” 944 So.2d at 218. The court stated that “[a]bsent conclusive evidence of a violation, the trial court has discretion to deny relief.”
 
 Id.
 
 We find this language important because here Ramos alleged in his motion that he has been notified that the transcript of his plea hearing is no longer available.
 

 Despite the fact that Ramos may be hampered in his ability to prove the allegations in his motion due to the lack of a transcript, we are constrained by
 
 Green
 
 to reverse and remand for the postconviction court to fully consider Ramos’s motion on the merits.
 

 Reversed and remanded.
 

 WHATLEY and BLACK, JJ., Concur.
 

 [1]
 

 .
 
 See
 
 Fla. R. Crim. P. 3.850(b)(3) (providing that 3.850 motions must be filed within two years of the date judgment and sentence became final unless defendant alleges he retained counsel to timely file a 3.850 motion and counsel, through neglect, failed to file the motion).