PER CURIAM.
Affirmed. The postconviction motion was untimely. Padilla v. Kentucky, — U.S.-, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010), is not retroactive. Hernandez v. State, 61 So.3d 1144 (Fla. 3d DCA 2011), rev. granted, 81 So.3d 414 (Fla.2012); Davis v. State, 69 So.3d 315 (Fla. 4th DCA 2011). Further, appellant admits that he has other convictions which have been used to initiate deportation proceedings against him. He has not shown that he is removable based solely on the plea in this case. See Forrest v. State, 988 So.2d 38, 40 (Fla. 4th DCA 2008); Buton v. State, 995 So.2d 1130, 1132 (Fla. 4th DCA 2008). Finally, appellant has not alleged that the court did not give the standard deportation warning provided for by Florida Rule of Criminal Procedure 3.172(e)(8) which would cure the potential prejudice. Flores v. State, 57 So.3d 218 (Fla. 4th DCA 2010).
MAY, C.J., DAMOORGIAN and LEVINE, JJ., concur.