PER CURIAM.
We affirm the order summarily denying appellant’s petition and amended petition for writ of error coram nobis which attempted to challenge his 1997 plea. The circuit court properly treated the petition as a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850, which has supplanted the need for the writ of error coram nobis. Wood v. State, 750 So.2d 592, 594-95 (Fla.1999).
*666 Appellant’s motion was untimely pursuant to rule 3.850(b). Appellant’s claim that the trial court failed to advise him of deportation consequences was not brought within the two-year window created by State v. Green, 944 So.2d 208 (Fla.2006). Appellant has not demonstrated, as Green requires, how he can conclusively show that the warning was not given. Id. at 218. Appellant has not provided a transcript of the plea colloquy, and the state notes that appellant signed and initialed a plea form which advised of the possibility of deportation. Fla. R.Crim. P. 3.172(c)(8).
Padilla v. Kentucky, — U.S.-, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010), is not retroactive. Hernandez v. State, 61 So.3d 1144 (Fla. 3d DCA 2011), rev. granted, 81 So.3d 414 (Fla.2012); Arellano v. State, 90 So.3d 923, 923-24 (Fla. 4th DCA 2012). Further, appellant concedes that he has two federal convictions which may subject him to deportation. Thus, he has not shown that the plea in this case was the sole basis for his deportation. Buton v. State, 995 So.2d 1130, 1132 (Fla. 4th DCA 2008).

Affirmed.

POLEN, Taylor and GERBER, JJ., concur.