PER CURIAM.
We affirm the trial court’s denial of appellant’s motion for postconviction relief. *592 Appellant’s claim of ineffective assistance of counsel under Padilla v. Kentucky, 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010), is refuted by the record. Appellant, a citizen of Jamaica who does not have difficulty with the English language, signed a plea form that advised him that his plea “will” result in his deportation which, during the plea colloquy, he confirmed he understood. His allegation that he pleaded unaware that deportation would result is refuted by the record. Ioselli v. State, — So.3d - (Fla. 4th DCA 2013) (citing Peart v. State, 754 So.2d 723 (Fla. 4th DCA 1999)).
Further, appellant fails to establish that his plea in this case is the sole basis for his deportation. Charles v. State, 96 So.3d 1050, 1050 (Fla. 4th DCA 2012); Forrest v. State, 988 So.2d 38, 40 (Fla. 4th DCA 2008); Buton v. State, 995 So.2d 1130, 1132 (Fla. 4th DCA 2008). The notice to appear for removal lists various other unrelated offenses in separate cases as bases for appellant’s removal.

Affirmed.

MAY, C.J., GROSS and DAMOORGIAN, JJ„ concur.