WALLACE, Judge.
Oscar Balcazar appeals the summary denial of his motion for postconviction relief, in which he raised two claims in accordance with Florida Rule of Criminal Procedure 3.850. We affirm the postconviction court’s denial of claim two without further discussion. However, because claim one was facially insufficient, the postconviction court should have struck the claim with leave to amend instead of summarily denying it.
After entering an agreed no-contest plea, Balcazar was convicted of driving under the influence, fleeing to elude, and resisting arrest with violence. The trial court sentenced him to eighteen months in prison followed by probation. Balcazar alleged in his rule 3.850 motion that trial counsel failed to inform him that his convictions would subject him to deportation. The claim is facially insufficient because *576 Balcazar failed to allege that he would not have entered a plea if he had been properly advised by counsel of the immigration consequences. See State v. Burton, 63 So.Sd 854, 855 (Fla. 1st DCA 2011) (citing State v. Green, 944 So.2d 208, 218 (Fla.2006)); see also Cano v. State, 112 So.3d 646 (Fla. 4th DCA 2013) (listing the full set of pleading requirements for a claim of ineffective assistance of counsel under Padilla v. Kentucky, 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010)). Thus the postconviction court should have struck the motion with leave to amend in accordance with Spera v. State, 971 So.2d 754 (Fla.2007), rather than entering a summary denial.
Accordingly, we reverse the denial of claim one and remand for the court to strike the claim with leave to amend within a period of time not to exceed thirty days. If Balcazar files an amended motion on this claim, “the postconviction court may again summarily deny the claim if it is once again facially insufficient or if the court attaches portions of the record conclusively refuting his allegations.” Philip v. State, 14 So.3d 1243, 1244 (Fla. 2d DCA 2009). However, in light of the substantive basis of the postconviction court’s denial [1] — that Balcazar could not demonstrate prejudice because the trial court had at the plea colloquy stated, ‘You understand if you’re not a United States [sic] your plea could result in. your being deported” — we note for the postconviction court’s reference on remand the Florida Supreme Court’s holding in Hernandez v. State, — So.3d -, 2012 WL 5869660, 37 Fla. L. Weekly S730 (Fla.2012). There the court ruled that a trial court’s “equivocal” warning that the defendant’s plea may subject him or her to deportation does not preclude a finding of ineffective assistance of counsel. Id. at-, S730-31 (referencing Padilla). If the postconviction court is unable to attach documentation to refute an amended claim, it must hold an evidentiary hearing. See Burton, 63 So.3d at 855.
Affirmed in part, reversed in part, and remanded.
LaROSE and MORRIS, JJ., Concur.

. The postconviction court also indicated that claim one was successive to a motion filed earlier. However, although Balcazar did raise in general terms a similar claim in his previous postconviction motion, the court did not squarely rule on that claim in its earlier order. We conclude that the claim as raised in the motion underlying this appeal was not successive. See Fla. R. Crim. P. 3.850(f).