NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

PEDRO BACILIO,⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀Appellant,⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
v.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀Case No. 2D14-3811
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
STATE OF FLORIDA,⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀Appellee.⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)

Opinion filed February 25, 2015.

Appeal pursuant to the Fla. R. App. P.
9.141(b)(2) from the Circuit Court for Lee
County; Edward J. Volz, Jr., Judge.

Jack O. Solano, Miami, for Appellant.

ALTENBERND, Judge.

⠀⠀⠀⠀⠀⠀Pedro Bacilio appeals the summary denial of his postconviction motion
that was filed pursuant to Florida Rule of Criminal Procedure 3.850.  We reverse and
remand to give Mr. Bacilio an opportunity to amend his motion.

⠀⠀⠀⠀⠀⠀In his short motion filed by his postconviction attorney in April 2013, Mr.
Bacilio alleges that he was arrested in 2011 for two counts of battery on a law
enforcement officer and resisting arrest without violence.  He claims his attorney was
ineffective at the time of his plea in October 2011 because the attorney did not give him

adequate advice concerning his deportation risks as required by <u>Padilla v. Kentucky</u>, 559 U.S. 356 (2010).

The postconviction court directed the State to respond to the motion. The State argued both that the motion was conclusively refuted by the record and that it was facially insufficient, citing to this court's decision in <u>Balcazar v. State</u>, 116 So. 3d 575 (Fla. 2d DCA 2013). The postconviction court denied the motion, without leave to amend, claiming that it was conclusively refuted by the warnings about deportation in the plea form and at the plea hearing.

There is no question that the motion was facially deficient under the guidelines established by this court in <u>Balcazar</u>. We established those guidelines after Mr. Bacilio filed his motion. In <u>Balcazar</u>, we reversed in part and remanded to allow the defendant an opportunity to amend his motion. <u>Id.</u> at 576. We conclude that the same relief is warranted in this case. Even if we could predict what Mr. Bacilio might allege in a facially sufficient motion concerning the advice given to him by his lawyer and his reliance on that advice, we do not believe that those future allegations can be conclusively refuted at this time by the standard language in the plea form and the typical judicial colloquy at the plea hearing.

Accordingly, we reverse and remand, instructing the trial court to strike the motion with leave to amend.

KHOUZAM and SLEET, JJ., Concur.